EDISON ELECTRIC LIGHT CO. *v.* WESTINGHOUSE *et al.*

(*Circuit Court, D. New Jersey.* January 10, 1888.)

CORPORATIONS—CONSOLIDATION—ACTIONS—ABATEMENT AND REVIVAL.

    Act N. Y. May 22, 1884, (Laws 1884, c. 367, p. 448,) authorizing the "consolidation of manufacturing corporations," provides that no action to which the old corporation was a party, shall be abated by reason of such consolidation pending suit, but that the cause shall proceed as if the consolidation had not taken place, or that the new corporation shall be substituted by order of court. *Held,* on motion to dismiss a bill filed by a corporation subsequently consolidated on the ground that plaintiff's corporate existence was terminated by the consolidation, and that a bill of review was necessary under equity rule 56, and on counter-motion to substitute the consolidated corporation, that the suit did not abate, the provisions of the New York statute being binding upon the federal courts, and that the latter motion should prevail.

In Equity. On motion to dismiss bill.

*R. N. Dyer, J. C. Tomlinson,* and *C. A. Seward,* for complainant.

*L. E. Curtis, S. A. Duncan* and *W. Bakewell,* for respondents.

WALES, J. The bill in this cause was filed on the 22d day of December, 1886, and contains the usual allegations of infringement by the defendants. On the 4th of April, 1887, the defendants filed a plea and answer, setting up various defenses, but not denying infringement. A replication was duly filed, and upon the record thus far the defendants are conceded infringers. The defendants now move "that the bill of complaint herein be dismissed, for the reason that the corporate existence of the corporation complainant herein terminated on or about the 31st day of December, 1886, by a consolidation and merger of the said complainant with the Edison Company for Isolated Lighting, by virtue of certain proceedings had under the laws of the state of New York." The laws cited are contained in the statute of New York of the 22d of May, 1884, known as chapter 367 of the laws of that year. The defendants insist that by the act of consolidation the complainant company ceased to exist, and that, therefore, as in the case of the death of a natural person, *pendente lite,* the suit abated, and it is necessary that the proper parties, whoever they may be, should be substituted to carry on the suit, under the provisions of equity rule 56 of the supreme court.

    Under the New York statute it appears that there is no termination of the existence, or a dissolution of the complainant in relation to actions, in which it was a party, pending at the time of the consolidation. The provision relating to this matter is in these words:

    "And no such action or other proceeding then pending before any court or tribunal in which any corporation that may be so consolidated is a party * * * shall be deemed to have abated or been discontinued by reason of any such consolidation, but the same may be prosecuted to final judgment in the same manner as if the said corporation had not entered into the said agreement of consolidation; or the said new corporation may be substituted as a party in the place of any corporation so consolidated, as aforesaid, with any other corporation or corporations, and forming such new corporation by order of the court in which such action, suit, or proceeding may be pending."

The defendants, however, interpose the objection that the provision just cited is for the government of the New York courts alone, and can have no control over the equity practice in the federal courts.   On such examination as we have given to the matter and to the authorities cited in the briefs of counsel, we cannot assent to this view.   No good reason has been assigned, nor does there appear to be any, why this court should not recognize the statutory provision of New York, and apply it to the pending suit between these parties.   The question would seem to involve something more than a mere rule of practice; it embraces the legal and equitable rights of the plaintiff under the laws of the state which created it, and prescribed the terms and conditions on which it might be consolidated with one or more corporations of the same state.   In *Banking Co.* v. *Georgia*, 92 U. S. 665, it was held that the consolidation of two companies does not reasonably work a dissolution of both, and the creation of a new corporation.   Whether such be its effect depends upon the legislative intent manifested in the statute under which the consolidation takes place.   And so, in *Bank* v. *Colby*, 21 Wall, 614, the supreme court of the United States recognizes the doctrine that the existence of a corporation, whose chartered life had come to an end by forfeiture of charter, or lapse of time, may be prolonged by statute for the purpose of conducting pending suits to judgment; nor was the idea anywhere entertained in that case, as intimated by defendant's counsel, that it would make any difference whether the corporation had been created by an act of congress or by the law of a state legislature.   If the statute of New York was in contravention of any law or policy of the United States, there would then be substantial grounds for allowing this motion; but it has not been shown, nor does it appear to be, objectionable in this respect.

The motion to dismiss the bill is therefore refused; and the motion on behalf of the complainant, founded on the defendants' papers, to substitute the consolidated company as complainant, is granted, although there would seem to be no valid objection to prosecuting the suit as it now stands of record, as the act authorizing the consolidation permits either course to be taken.