# OKLAHOMA NATURAL GAS COMPANY *v.* OKLAHOMA.

## SAME *v.* SAME ET AL.

### ERROR TO THE SUPREME COURT OF THE STATE OF OKLAHOMA.

Nos. 154, 187. Submitted January 3, 10, 1927.—Decided February 21, 1927.

1. At common law, and by the rule in the federal courts, dissolution of a corporation abates a litigation in which it is a necessary party. P. 259.
2. A motion to substitute one corporation for another on the ground that the latter has been dissolved and that its assets and obligations have devolved upon the other, should not be allowed, though consented to by the opposite party to the suit, in the absence of a full showing of the facts relating to the dissolution, its purpose and effect. P. 261.
3. Liquidating trustees, if appointed under the state statute governing the dissolution of the corporation, should appear on the motion for substitution in this court. P. 261.

Motions denied.

Motions to substitute the Oklahoma Natural Gas Corporation for the plaintiff in error, the Oklahoma Natural Gas Company.

*Mr. Lawrence H. Cake,* in behalf of *Mr. David A. Richardson,* for the plaintiff in error, in support of the motion.

*Messrs. George F. Short,* Attorney General, and *J. Berry King,* Assistant Attorney General, for the State of Oklahoma.

*Mr. E. S. Ratliff* for the Corporation Commission of Oklahoma.

42847°—27——17

MR. CHIEF JUSTICE TAFT delivered the opinion of the Court.

These are motions for substitution of a new party appellant in each cause. The motions are joined in by the counsel of record for the defendants in error and by the plaintiff in error. They show that the Oklahoma Natural Gas Company was a corporation of the State of Oklahoma organized in the Indian Territory in October, 1906, to have existence for twenty years, and that its charter would have expired by legal limitation in October, 1926; that about September 15, 1926, after the writs of error in these cases were allowed, the Oklahoma Natural Gas Company was reorganized, the resulting corporation being named the Oklahoma Natural Gas Corporation, organized and existing under the laws of the State of Delaware; that the reorganized corporation took over all the contracts, franchises, property and assets of the Oklahoma Natural Gas Company and assumed all the debts, liabilities and obligations of that company, including the liability and obligation to make the refund to the patrons of the Oklahoma Natural Gas Company involved in this action if it should finally be held that the Oklahoma Natural Gas Company itself had been obligated to make such refunds; that the Oklahoma Natural Gas Corporation assumed the performance of the public service theretofore performed by the Oklahoma Natural Gas Company; that the new corporation became and is the successor in law and in fact of the Oklahoma Natural Gas Company; that the latter company was by decree of the District Court of Tulsa County, Oklahoma, duly and legally dissolved as a corporation, and that, even if the decree had not been rendered, it would have been dissolved by expiration of the time limit in its charter in October, 1926. It is said that the reorganized corporation both by its assumption

thereof and by law is liable for the refunds or discounts involved herein, if the order requiring them is valid, and that the State of Oklahoma looks to and will look to the reorganized corporation for the payment of the same if the order is finally affirmed. The counsel for the old company, the Attorney General of Oklahoma and the counsel for the Corporation Commission of Oklahoma, all sign the motion.

There is no specific provision in our rules for the substitution as a party litigant of a successor to a dissolved corporation. It is well settled that at common law and in the federal jurisdiction a corporation which has been dissolved is as if it did not exist, and the result of the dissolution can not be distinguished from the death of a natural person in its effect. *Mumma* v. *Potomac Company,* 8 Pet. 281; *National Bank* v. *Colby,* 21 Wall. 609; *Pendleton* v. *Russell,* 144 U. S. 640; *Bank of United States* v. *McLaughlin,* Fed. Case No. 928; *Greeley* v. *Smith,* Fed. Cases 5748; *Walters* v. *Western & Atlantic Railroad Co.,* 69 Fed. 679; *Marion Phosphate Company* v. *Perry,* 74 Fed. 425; *Board of Councilmen of the City of Frankfort* v. *Deposit Bank of Frankfort,* 120 Fed. 165; *United States* v. *Spokane Mill Company,* 206 Fed. 999. See also *Edison Co.* v. *Westinghouse,* 34 Fed. 232 and *Edison Co.* v. *United States Lighting Co.,* 52 Fed. 300. It follows therefore that, as the death of the natural person abates all pending litigation to which such a person is a party, dissolution of a corporation at common law, abates all litigation in which the corporation is appearing either as plaintiff or defendant. To allow actions to continue would be to continue the existence of the corporation *pro hac vice.* But corporations exist for specific purposes, and only by legislative act, so that if the life of the corporation is to continue even only for litigating purposes it is necessary that there should be some statutory authority for the prolongation. The matter is

really not procedural or controlled by the rules of the court in which the litigation pends. It concerns the fundamental law of the corporation enacted by the State which brought the corporation into being.

This corporation is said to have been created before Oklahoma became a state by the law of Indian Territory, so we may presume that the corporation law of the State of Oklahoma since enacted, Oklahoma Statutes, 1921, c. 34, Article V, sec. 5361, has full application. *Shulthis* v. *McDougal*, 225 U. S. 561, 571–572. It provides:

" Unless other persons are appointed by the court, the directors or managers of the affairs of such corporation at the time of its dissolution are trustees of the creditors and stockholders or members of the corporation dissolved, and have full power to settle the affairs of the corporation, and to collect and pay debts and divide among the stockholders the property which remains after the payment of debts and necessary expenses; and for such purposes may maintain or defend actions in their own names by the style of the trustees of such corporation dissolved, naming it; and no action whereto any such corporation is a party shall abate by reason of such dissolution."

We have found no Oklahoma case that construes this provision with reference to the question now before the Court. The language of the section would seem to indicate that as there is to be no abatement the Oklahoma Natural Gas Company for litigating purposes is still in being and continues to be a party before this Court.

The showing made for the motion is that the Oklahoma Natural Gas Company was by a decree of the district court of Tulsa County, Oklahoma, duly and legally dissolved as a corporation. There is nothing to indicate why the company was dissolved. We may assume but we do not know that it was in anticipation of its dissolution by force of law and that the proceeding was undertaken in order to transfer its assets, its obligations and its liabilities to another corporation which is averred to be a corpora-

tion of another State, to wit, of Delaware, although the seal which is attached to the consent of the Oklahoma Natural Gas Corporation by its president and secretary and accompanies the motion, shows that it was incorporated not in Delaware but in Maryland.

The motion is signed by counsel for the plaintiff in error, the Oklahoma Natural Gas Company. He does not explain how he continues to represent plaintiff in error, if in fact it has ceased to be, as he represents to this Court.

In the absence of a fuller showing as to just what the proceeding was in the district court of Tulsa County in respect to the dissolution of the old company, and in view of the provisions of the Oklahoma statute, we think it unwise to grant the motion for substitution, even though with the consent of the defendants in error. It may be that with the disclosure of all the facts and circumstances we may find that what was done with the consent of all the parties to this suit is in fact a novation which we can make effective. *United States* v. *City Bank,* 19 How. 385; *Ex parte Railroad,* 95 U. S. 221, 222.

We are not advised as to whether, at the time of the dissolution of the corporation by time, liquidating trustees of the old company were appointed under the statute. If they were, then they should appear in this proceeding. The motions to substitute are denied, without prejudice to a renewal on a fuller showing.

*Motions denied.*