## AMERICAN TRANSP. CO. v. SWIFT & CO.

Circuit Court of Appeals, Second Circuit.
February 20, 1928.

No. 307.

1. **Abatement and revival ⊜⇒39—Repeal of statute providing for trustees on dissolution did not change law that cause of action in favor of corporation survives dissolution (34 Del. Laws [1925] c. 112, § 10; Delaware Corporation Law, §§ 41, 42, 43).**

34 Del. Laws (1925) c. 112, § 10, repealing Corporation Law Del. §§ 41, 42 (Rev. Code 1915, §§ 1955, 1956), providing for trustees on dissolution of corporation, did not change law under section 43 (Rev. Code 1915, § 1957), that cause of action in favor of corporation survives its dissolution.

2. **Courts ⊜⇒343—Survival of right of action commenced by Delaware corporation was controlled by Delaware statute, which provided that cause of action survived (Corporation Law Del. §§ 41, 43).**

Survival of right of action commenced by Delaware corporation in 1917, after its dissolution in 1921, before cause came on for hearing, was controlled by Corporation Law Del. §§ 41, 43 (Rev. Code 1915, §§ 1955, 1957), which provided that cause of action in favor of corporation survived its dissolution.

3. **Admiralty ⊜⇒40—Whether libel by corporation in admiralty could be revived after its dissolution depends on practice of admiralty.**

Question whether libel commenced in admiralty by corporation could be revived after its dissolution, being wholly one of procedure, depends on practice of admiralty.

4. **Admiralty ⊜⇒40—Directors could revive libel in admiralty commenced by corporation, after its dissolution, where cause of action survived (Corporation Law Del. §§ 41, 43).**

Directors of Delaware corporation, which commenced libel in admiralty in 1917, which corporation was voluntarily dissolved in 1921, before cause came on for hearing, could revive action in corporate name, where cause of action survived corporation's dissolution under Corporation Law Del. §§ 41, 43 (Rev. Code 1915, §§ 1955, 1957).

5. **Admiralty ⊜⇒103—Decree dismissing libel commenced by corporation, because corporation was dissolved, was appealable.**

Decree dismissing libel commenced by corporation and cross-libel by respondent, because corporation later was dissolved, was appealable.

6. **Admiralty ⊜⇒40—Libel commenced by corporation in personam and in admiralty was merely suspended on dissolution of corporation (Corporation Law Del. §§ 41, 43).**

Libel in personam and in admiralty, commenced by Delaware corporation, where cause of action survived its dissolution under Corporation Law Del. §§ 41, 43 (Rev. Code 1915, §§ 1955, 1957), was not finally terminated when corporation was dissolved, but was merely suspended.

7. **Courts ⊜⇒405(12)—Order denying trustees of dissolved corporation right to revive libel commenced by corporation was "final decision," which was reviewable (Corporation Law Del. § 43; Jud. Code, § 128 [28 USCA § 225]).**

Order denying trustees of dissolved corporation appointed under Corporation Law Del. §: 43 (Rev. Code 1915, § 1957), right to revive libel commenced by corporation before its dissolution was "final decision," which was reviewable by Circuit Court of Appeals under Judicial Code, § 128 (28 USCA § 225).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Final Decision.]

Appeals from the District Court of the United States for the Southern District of New York.

Libel by the American Transportation Company against Swift & Co., in which respondent filed cross-libel. From a decree dismissing the libel and cross-libel, both in personam and in the admiralty, and from two orders denying the motions of Howard E. Jones and others to be substituted as parties libelant and cross-respondent, the libelant and others appeal. On motion to affirm the decree or to dismiss the appeal. Motion to dismiss or affirm denied. Appeal from first order, denying intervention of Jones and others, dismissed. Decree dismissing libel and cross-libel reversed. Second order denying intervention of Jones and others, as trustees, reversed, rule nisi made absolute, and cause remanded.

On June 17, 1917, the libelant, a Delaware corporation, filed a libel in personam against the respondent for breach of a maritime contract of carriage. The respondent answered on November 17, 1919, and cross-libeled on January 13, 1922. The libelant having answered, the cause came on for hearing on October 16, 1925, all the evidence was taken, and the cause argued. Meanwhile, on May 21, 1921, the libelant had been voluntarily dissolved; the effective date of dissolution being June 3, 1921. Section 40 of the Delaware Corporation Law provides that after dissolution a corporation shall be continued for three years to prosecute suits necessary to

collect its debts, but that period had expired on June 3, 1924, before the hearing. ·

The respondent having on argument moved for a dismissal because of the dissolution, the court filed an opinion (22 F.[2d] 457) on August 5, 1927, so deciding. Thereupon on August 11, 1927, Jones and others, the directors of the defunct libelant, obtained a rule nisi to intervene as libelants and cross-respondents, which was discharged on September 1, 1927, and the libel and cross-libel were dismissed on September 6, 1927, by decree. Thereafter a shareholder of the libelant filed a bill in equity in the Delaware Court of Chancery, praying that Jones and the other directors be made trustees of the corporation under section 43 of the Delaware Corporation Law (Rev. Code 1915, §§ 1915–2101g), which so provided. On November 30, 1927, such a decree was entered, and thereupon Jones and his fellows, as trustees, on December 2, 1927, obtained a second rule nisi to intervene, again as libelants and cross-respondents. This rule being also discharged, the libelant and the trustees appealed from the orders discharging the rules and the decree dismissing the suit.

Section 40 of the Delaware Corporation Law, mentioned above, was amended in 1925 (Laws 1925, c. 112, § 9) to provide that, as regards suits pending when the corporation was dissolved, or filed within the three years thereafter, the corporation should be continued until their termination. Section 41 of that law provided that upon dissolution the directors should be trustees of the corporate property; section 42, that they should have authority to recover its debts by suit in their name; section 43, that the Court of Chancery might continue them as trustees or appoint others as receivers, with power to sue "in the name of the corporation or otherwise." In 1925, sections 41 and 42 were repealed.

Kirlin, Woolsey, Campbell, Hickox & Keating, of New York City (Charles R. Hickox and Clement C. Rinehart, both of New York City, of counsel), for the motion.

Loomis & Ruebush, of New York City (Homer L. Loomis and Reginald B. Williams, both of New York City, of counsel), opposed.

Before MANTON, L. HAND, and AUGUSTUS N. HAND, Circuit Judges.

L. HAND, Circuit Judge (after stating the facts as above). [1, 2] That the cause of action in favor of the libelant survived its dissolution is too plain for debate. Sections 41 and 43 of the Delaware Corporation Law so

provided, and the repeal of sections 41 and 42, probably because they had always been redundant, changed nothing. We have, therefore, no occasion to consider the effect at common law of corporate dissolution, whether at law or in equity. The respondent relies on Commercial Bank v. Lockwood's Administrator (Del.) 2 Har. 8, but that case has nothing to do with the present situation. When the bank, the plaintiff in that suit, was dissolved, there was no statute which continued its existence or devolved upon its directors its property; the situation stood as it had at common law. Thereafter a statute was passed reviving its "powers, privileges, rights and immunities," which the court held did not revive a debt once discharged by the dissolution. The statutes now in existence long antedated the dissolution of the libelant at bar, and it is they which control the question. Harris-Woodbury Lumber Co. v. Coffin (C. C.) 179 F. 257, 266, affirmed (C. C. A. 4) 187 F. 1005, just as local statutes control the survival after death of causes of action not arising under a federal statute, even in the face of R. S. § 955 (28 USCA § 778 [Comp. St. § 1592]). Baltimore & Ohio R. R. Co. v. Joy, 173 U. S. 226, 19 S. Ct. 387, 43 L. Ed. 677; Patton v. Brady, 184 U. S. 608, 612, 22 S. Ct. 493, 46 L. Ed. 713. [3] However, while the survival of the right of action depends upon the law of Delaware, the question of revivor, being wholly one of procedure, depends upon the practice of the admiralty. Had the plaintiff been an individual who had died, Revised Statutes, § 955, would regulate that procedure (In re Connaway, 178 U. S. 421, 425–427, 20 S. Ct. 951, 44 L. Ed. 1134); but, as that section does not apply, we are left to the inherent powers of a court of admiralty. While it is true that death abated an action at common law, even when the cause of action survived, yet the executor might take out a new writ within a reasonable time—a year—after the abatement, though the statute of limitations had run against it. Matthews v. Phillips, 2 Salk. 425; Kinsey v. Heyward, 1 Ld. Raymond, 342. The new writ was therefore considered at least pro tanto, as a continuation of the old. In equity death merely suspended the suit; indeed, so much so that there was no need of the proper diversity of citizenship in the bill of revivor, the original jurisdiction being the source of the court's power to proceed. Clarke v. Mathewson, 12 Pet. 164, 9 L. Ed. 104. Yet it had been early settled that when the executor himself took out the original writ his citizenship controlled. Chappedelaine v. Dechenaux, 4 Cranch, 306,

2 L. Ed. 629; Childress v. Emory, 8 Wheat. 642, 5 L. Ed. 705.

In the admiralty the right of revivor upon death has always been allowed (The Norway, Fed. Cas. 10,357), even in cases of tort, if the suit be in rem (The Ticeline [C. C. A. 2] 221 F. 409; The Lafayette [C. C. A. 2] 269 F. 917), and the eighteenth rule of the Southern district of New York recognizes the power. It is quite true that, so far as we can discover, no case has arisen upon the dissolution of a corporation, and the only one which we have found in which the question was up in equity is Kelly v. Rochelle (Tex. Civ. App.) 93 S. W. 164. However, in The Ann C. Pratt, Fed. Cas. No. 409, Justice Curtis applied the thirty-fourth rule to the case, not of a revivor, but of the substitution of an underwriter as claimant to whom the owner had made an abandonment. On appeal to the Supreme Court, sub. nom. Carrington v. Pratt, 18 How. 63, 15 L. Ed. 267, the point was not even argued.

Oklahoma Gas Co. v. Oklahoma, 273 U. S. 257, 47 S. Ct. 391, 71 L. Ed. 634, arose upon motion for substitution in the Supreme Court of a successor corporation to the plaintiff in error which had been dissolved under an Oklahoma statute, which, like that of Delaware, provided that the directors of a dissolved corporation might maintain suits in its behalf. The court decided that the cause had abated and refused to allow the substitution. They declared, however, that the local statute governed the survival of causes of action and said that, if the directors were so authorized by it, they should appear in the suit. While it would be too much to regard this as a decision upon the point, it appears to us more than an intimation that the appeal could be revived by the directors. Revivor after judgment is, it is true, quite different from that before, but certainly the case does not help the respondent.

[4] Proceedings in the admiralty are especially plastic, as the books repeat again and again, and we can see no reason why the analogy of revivor upon death does not apply, why the District Court may not therefore continue such a suit, or why it must go through the barren formality of requiring a new libel to be filed, exposed as it may be to the defense of laches, and demanding, as it must, long delays and much added expense. Indeed, we are by no means sure that any revivor was necessary at all. The amendment of section 40 in 1925 was passed, it is true, after the extension of the three years originally given had expired, and, if it applies, it revives a suit already abated. While Commercial Bank v. Lockwood's Administrators refused to treat the statute then at bar as retroactive, there had been none preserving the cause of action, and that passed later had therefore the effect of re-creating an obligation once discharged. But, if the cause of action survives, the issue is merely as to who shall sue as its obligee. The directors, when appointed trustees, may sue in the corporate name; they are the same persons who will in any case direct the suit, if no revivor is necessary. Nothing of substance is at stake, and the declared policy of the state now supports the libelant. Upon such a showing, it seems to us quite probable that the amendment of section 40 is retroactive, and affects suits already abated. We need not so decide, since the directors have chosen to revive the suit in the corporate name.

[5-7] As to the appealability of the decree there can, of course, be no question. If the amendment to section 43 applies, that decree should be reversed. If it does not, it was right, since at the time of the first effort to intervene the directors had received no authority under section 43, the only statute then in force. But, though the suit stood abated on September 6, 1927, and that fact was then declared by decree, it was not, as we have said, finally terminated; it was merely suspended. It was only the denial of the second attempted revival, which put a quietus upon it and finally disposed of it. Plainly that was a "final decision" under section 128 of the Judicial Code (28 USCA § 225), since it terminated the suit beyond chance of recall, Credits, etc., Co. v. U. S., 177 U. S. 311, 315, 316, 20 S. Ct. 636, 44 L. Ed. 782, Sullivan v. Associated Bill Posters & Distributors (C. C. A. 2) 6 F.(2d) 1000, 1002.

The motion to dismiss or affirm is denied. The appeal from the order of August 11, 1927, denying intervention of Jones and others as directors, is dismissed. The decree dismissing the libel and cross-libel is reversed. The order denying the intervention of Jones and others, as trustees, is reversed, and the rule nisi made absolute. The cause is remanded to the District Court to be heard upon the merits without change of title.