*540 OPINION.
Goodrich:
Section 250 (d) of the Eevenue Acts of 1918 and 1921 required that the amount of taxes due under the returns for the taxable periods before us be determined and assessed within five years after they were due or were. made. This statutory period with respect to the 1917 return expired on March 30, 1923; with respect to the 1918 return, on June 12, 1924; with respect to the 1919 return, on May 13, 1925. Prior thereto no determination, assessment or collection of the deficiencies here involved was made by respondent, who contends, however, that these statutory periods were extended by means of consents in writing by both the taxpayer and the Commissioner as by statute provided. He, therefore, on August 2, 1927, issued a notice of deficiency to the Marion County Lumber Company (although he meant Corporation) ; assessed these deficiencies against the Corporation on December 27, 1927; and on December 30, 1927, issued a notice to petitioner of transferee liability. Let us first consider the consent upon which respondent relied in taking these several steps.
The consent was dated October 18, 1926; was executed by P. K. Camp and Burton J. Eay, both former officers and directors of the Marion County Lumber Corporation (which was dissolved on December 31, 1920); and purported to extend until December 31, 1927, the time within which taxes for the years 1917, 1918 and 1919 might be assessed. Section 3810 of the Virginia Statutes provides in part as follows:
All corporations, whether they expire by their own limitations or are otherwise dissolved, shall, nevertheless, be continued for such length of time, not eacceding three years, from such dissolution or expiration, as may be necessary for the purpose of prosecuting and defending suits by or against them, and enabling them gradually to settle and close their business, to dispose of and convey their property, and to divide their capital, but not for the purpose of continuing the business for which said corporation shall have been established. If the affairs of any such corporation shall not be wound up 6y its directors within three years from such dissolution or expiration, they shall be wound up in the manner provided by Section 3813. [Italics supplied.]
*541 Section 3812 of the Virginia Statutes provides:
Upon the dissolution of any corporation under the provisions of this chapter the directors or other governing body, by whatever name it may be known, unless action to the contrary be taken as provided in the following section, shall be trustees thereof, with full power to settle the affairs, collect the outstanding debts, sell and cause to be conveyed property, real and personal and divide the money and other property among the stockholders according to their respective rights, after paying its debts.
Section 3813 provides that on application of any creditor or stockholder of a dissolved corporation, any court having equitable jurisdiction in the principal place of business of the corporation may continue the directors, as trustees, or appoint a receiver or receivers to take charge of the estate, with power to prosecute and defend suits and “ to do all other acts which might be done by such corporations, if in being, that may be necessary for the final settlement of the unfinished business of the corporation,” and that “ The court shall have jurisdiction of such application and of all questions arising in the proceedings thereon, and majr make such orders and decrees and issue such injunctions therein as justice and equity shall require.”
So far as this record discloses (and the burden of proof in this matter was upon respondent), no court of competent jurisdiction ever continued the directors as trustees, or appointed a receiver for the company or in any other way continued the powers of the corporation or its representatives, as provided in section 3813, beyond the period of three years after dissolution as provided in section 3810.
It is apparent therefore that when this consent was given the existence of the corporation had completely terminated. It was without power of anj' kind; its former officers were without authority to act for it, and the period within which its affairs might be wound up had passed. Consequently, the consent of October 18, 1926, was invalid and ineffective. Oklahoma Natural Gas Co. v. Oklahoma, 273 U. S. 257; S. Kirsch Distilling Co., 14 B. T. A. 1073; C. E. McCutchen, 16 B. T. A. 569; Newport Co., 22 B. T. A. 833; Continental Oil Co., 23 B. T. A. 311.
Likewise invalid and ineffective, and for the same reason, were the consents of July 17, 1925, and September 28, 1925, which purported to extend the statutory period for assessment to December 31, 1926. It thus appears that respondent had been barred from all action with respect to these deficiencies prior to the enactment of the Revenue Act of 1926; consequently, the provisions of section 280 of that act afford him no relief; Barron-Anderson Co., 17 B. T. A. 686; Caroline J. Shaw, Executrix, 21 B. T. A. 400; E. N. Ennis, 21 B. T. A. 406; and collection of the deficiencies here asserted against petitioner as transferee is barred by the statute of limitations. It becomes un *542 necessary to consider the other issues raised by petitioner. Pursuant to section 601 (e) of the 1928 Act, there will be entered,

Judgment of no deficiency.