### MANTLE LAMP CO. OF AMERICA v. KNAPP-MONARCH CO.

No. 5508.

Circuit Court of Appeals, Seventh Circuit.
Jan. 18, 1936.

Rehearing Denied Feb. 25, 1936.

Benjamin Levering, Thomas G. Steward, and W. H. F. Millar, all of Chicago, Ill., for appellant.

W. P. Bair and Will Freeman, both of Des Moines, Iowa, for appellee.

Before EVANS and ALSCHULER, Circuit Judges, and STONE, District Judge.

This appeal was taken to reverse a decree which enjoined appellant, defendant below, from continuing the prosecution of a pending suit on a patent against appellee's customer and also enjoining it from commencing other infringement suits against customers of appellee.

EVANS, Circuit Judge.

Appellant, an Illinois corporation, was sued by two plaintiffs, The Monarch Company, Inc., and The Therm-a-Jug Company, Inc., both Iowa corporations, on unfair trade practice charges. At the time appellant had two suits for damages, etc., pending, growing out of infringement of its Blair patent, No. 1,435,199. One was against the above-named plaintiffs in Iowa, and the other was instituted in the Missouri Federal Court against The Cutino Company, a customer of said plaintiffs. The same patent was the basis of all suits. Co-plaintiffs defended in the Missouri Federal Court for their customer, The Cutino Company.

The suit in Chicago was tried first, and appellant prevailed. Co-plaintiffs' charge of unfair trade was rejected; the Blair patent was upheld and found to be infringed; an injunction against future infringements was granted.

On appeal, this decree was reversed and the patent declared invalid. Monarch Co. v. Mantle Lamp Co. (C.C.A.) 22 F.(2d) 95; see, also, Macomb Mfg. Co. v. Mantle Lamp Co. (C.C.A.) 22 F.(2d) 93. This decision was rendered May 28, 1927, and the District Court thereupon entered a decree holding the patent invalid and dismissing the counterclaim. The complaint based on unfair trade was dismissed by the District Court and affirmed on appeal, and the costs of the suit divided equally.

The injunction suit pending in Missouri was not pressed for several years and not until after the same patent was sustained by the United States Circuit Court of Appeals for the Sixth Circuit. Mantle Lamp Co. v. George H. Bowman Co., 53 F.(2d) 441 (1931). Appellant then indicated it would bring on for trial the two suits pending in the eighth circuit. The instant suit was then revived by appellee, who, by bill in the nature of a supplemental bill, asserted it was the successor to the two co-plaintiffs and was entitled to all the protection to which they were entitled by reason of the final decree which was entered in the aforementioned Chicago suit.

Appellant challenges appellee's last-asserted contention. It denies that the benefits of the decree in the Monarch Company and Therm-a-Jug Company suit extended to appellee, a stranger corporation. The District Court refused a temporary injunction against Mantle Lamp Company in this suit. This court reversed the order and directed that a temporary injunction issue. Thereafter, the case was tried on the merits, and the temporary injunction was made permanent.

The narrow and determinative issue arises over appellee's asserted right to avail itself of the decree above mentioned. Appellant admits the binding effect of that decree on the parties to that suit, but denies the existence of proof which shows that appellee succeeded to the right adjudged to the plaintiffs in the decree.

■ On this issue the burden was upon appellee to bring itself within the pro-

430

tection of the decree. The issue was the validity of the Blair patent. It was held invalid in that suit.

■ The holder of the Blair patent or any valid patent may exclude everyone in the United States from making, selling, or using the patented article. This decree, however, lifted the ban to the plaintiffs in that suit, who prevailed on the issue of validity.* It did not, however, give immunity to everyone—in fact, to anyone save parties to the suit. Nor could said co-plaintiffs, who won in that suit, grant immunity to anyone else in the United States, save as an incident to its right to make, use, or sell its product. It might protect customers to whom it sold its goods. It could not, however, assign the personal right to make, use, or sell thermos jugs, with immunity from prosecution by owners of the Blair patent. True, other infringers could challenge the validity of the patent by making, using, or selling the jugs and cite the opinion of this court for what it is worth, and success in such suit would depend on the court's views as to the soundness of this court's decision on a very close patent suit. (The Sixth Circuit Court of Appeals, 53 F.(2d) 441, on the same patent, in a suit between different parties, reached an exactly opposite decision from that reached by this court.)

We take it that neither counsel is at war with what has just been stated. Their differences arise over what is necessary to show appellee acquired the right of said co-plaintiffs, both of whom failed or became involved financially. The record shows an assignment from Monarch Company.** As to Therm-a-Jug Company, Inc., the situation may be described in language of counsel on rehearing in the court below:

"Ground 4 of the Petition states that there is no evidence of record that the Knapp-Monarch Company succeeded to the rights of The Therm-A-Jug Company. This statement is correct. The Therm-A-Jug Company is out of the picture. This, however, is no ground for rehearing or modification of the Court's opinion heretofore rendered herein."

■ On a previous appeal from an order refusing to grant a temporary injunction in the instant suit, this court reversed the action of the District Court and ordered the issuance of a temporary injunction. This ruling became the "law of the case," and we think the District Court properly granted the decree from which this appeal is taken. In view of that ruling by this court, we find no error in the ruling of the District Court. This would result in the affirmance of the decree but for the existence of a duty, as we view it, to review our own ruling. The law of the case may be binding upon the District Court and yet not so upon this court. In Luminous Unit Co. v. Freeman-Sweet Co., 3 F.(2d). 577, we had occasion to consider the effect of the law of the case and there refused to apply it.

In the appeal before us, it is true the allegations of the complaint as to successorship are somewhat broader than the proof, but hardly enough to justify the District Court in refusing to follow the direction of the mandate of this court. In other words, if error were committed, it was committed not by the District Court, but by this court.

The question which must be decided may be stated thus: In a suit over the validity of the patent to which the patentee (P) is one party and X and Y are opposing parties, the court held the patent invalid. Later Z brought suit to enjoin the commencement and prosecution of suits for damages, etc., on the same patent. Z showed that he had been assigned the assets, etc., from X which is dissolved. No rights were acquired by Z from Y which is also dissolved.

■ Our conclusion is that Z may not maintain a suit against P unless it suc-

*We reject appellant's contention that the decree of dismissal wrongfully adjudged the patent invalid.

**"Know All Men by These Presents: That The Monarch Company, of Hamilton County in the State of Iowa, a corporation organized and existing under the laws of Iowa, in consideration of the sum of One Dollar ($1.00) and other valuable consideration in hand paid by Knapp-Monarch Company, a Missouri corporation, of the city of St. Louis, and State of Missouri, do hereby sell and convey unto the said Knapp-Monarch Company all of its personal property of every nature, kind and description whatsoever, including accounts receivable, bank accounts and good will, and the said The Monarch Company does hereby warrant the title of said property and that it is free from any encumbrances or liens."

ceeded to the rights of X and Y, or at least of one of them. Before it could maintain the suit, it had somehow to get into the shoes once worn by X and Y. Unfortunately for Z, the title to the shoes they were wearing was not in X and Y. They (X and Y) could wear the shoes themselves, but they could not grant the right to use them. The decree which protects X and Y was personal to them. P's right to enforce the patent against the world, if validity could be shown, was clear (save as against X and Y). X and Y, and they only, could make their therm-a-jugs free from the attack of P. They could not grant to others that right which was personal to them. Only P could lawfully lower the bar, unless said new parties won the right from a court in a proper suit with proper parties before it.

To permit X and Y, or either of them, to assign their right to make the patented article would result in undue restrictions of patent grants. It would extend X's or Y's rights beyond the mere personal right to make, use, or sell the article. Suppose X or Y, or both of them, are inconsequential factors in the therm-a-jug manufacturing field and B is a very large therm-a-jug producer. If X may assign its right to make an infringing therm-a-jug and grant immunity from successful suit by patentee, then the patentee's right to exclude others is very measurably narrowed, not by a decree of a court of competent jurisdiction, nor by the license or consent of patentee, but by action of one who had no authority to grant the license or favor. Take another case. In the sixth circuit one competitor has been permanently enjoined by final decree of the District Court, affirmed on appeal, from making a jug described and covered by the claims of the patent. May it now by assignment from X or Y acquire the right to do so? If this decree be permitted to stand, we must say, Yes. Our answer, however, is No, and it rests upon the ground that one who, by judicial decree, is outside the effect or reach of a patent monopoly may not assign that right or privilege or license to another.

In view of this conclusion it is unnecessary to pass upon appellant's contention predicated upon the holding of the court in Oklahoma Natural Gas Co. v. Oklahoma, 273 U.S. 257, 47 S.Ct. 391, 71 L.Ed. 634, to the effect that the suit brought by a corporation which is dissolved during the pendency of the suit, abates. Nor are we called upon to decide whether, upon the facts of this suit, one party may assign its right to immunity without its co-plaintiff joining in the assignment. Nor are we passing upon the scope of the assignment relied upon by appellee.

Appellee may have a right to bring an independent suit to enjoin the prosecution of a pending suit or to enjoin the commencement of new suits, provided it can show a suable interest, but its right must be predicated upon its ability to establish the invalidity of the patent, not upon a decree in another suit to which it was not a party.

The decree is reversed, with directions to proceed in accordance with the views here expressed.