## BILLIARD TABLE MFG. CORPORATION v. FIRST–TYLER BANK & TRUST CO.

District Court, N. D. West Virginia.
Nov. 14, 1936.

Nesbitt & Nesbitt, of Wheeling, W. Va., for plaintiff.

Handlan, Garden & Matthews of Wheeling, W. Va., and Henry P. Snyder, of Sistersville, W. Va., for defendant.

BAKER, District Judge.

This is a suit in assumpsit. On August 31, 1931, the plaintiff was incorporated under the laws of the state of Illinois with its offices and principal place of business in the city of Chicago. It engaged in the manufacture, sale, and handling of a certain type of "pin ball" machine or device described by it as a "billiardette table." On June 20, 1933, the plaintiff and one R. A. Broadwater entered into a written agreement for the sale and placing of fifty billiardette tables. Pursuant thereto, the defendant, a West Virginia banking corporation, was denominated as an escrowee, and there was deposited with it Broadwater's note for $5100, dated June 20, 1933, and payable to the order of the plaintiff on July 5, 1933, together with certain other papers styled respectively "Commission Contract," "Collection Report No. 10177," and "Conditional Sales Contract." Thereupon the defendant executed to the plaintiff the document upon which the present action is based, entitled "Escrow Receipt" acknowledging receipt of the $5100 note and further reading as follows: "Immediately upon delivery to the escrowee by the representative of The Billiard Table Mfg. Corp., of Commission Contracts and Collection Reports all signed by lessees and the representative of The Billiard Table Mfg. Corp., equal in number to the number of tables specified in the Conditional Sales Contract or Chattel Mortgage and purchase contract aforesaid, the escrowee agrees to send to The Billiard Table Mfg. Corp., at the above address by registered mail a New York or Chicago draft for the amount of money escrowed hereunder and also the Conditional Sales Contract or Chattel Mortgage and purchase contract and note or notes escrowed hereunder."

On July 5, 1933, Broadwater deposited with the defendant $5100, taking up his note for that amount. On July 7, 1933, the defendant advised the plaintiff's president, by letter, of the receipt of this money.

On July 13, 1933, the General Assembly of the state of Illinois enacted "An Act to revise the law relating to corporations for pecuniary profit." Laws Ill.1933, p. 308 (Smith-Hurd Ill.Stats. c. 32, § 157.1 et seq.). This act, in section 94 thereof (Smith-Hurd Ill.Stats. c. 32, § 157.94) provided, in effect, that the dissolution of a corporation by a court of equity when the court did not liquidate the assets and business of the corporation should not take away or impair any remedy given against said corporation, its directors or stockholders, for any liability incurred prior to dissolution if suit be brought thereon and service of process had within two years after the date of dissolution and further provided that such suits might be prosecuted against the defendant corporation in its corporate name. Sections 86 and 87 of this act (Smith-Hurd Ill.Stats. c. 32, §§ 157.86, 157.87) provided that upon the dissolution of any corporation, either voluntarily or involuntarily, by a court of equity, that the assets of the corporation might be collected in such suit through the appointment of receivers for the corporation. Section 163 of this act (Smith-Hurd Ill.Stats. c. 32, § 157.163) provided as follows: "The repeal of a law by this Act shall not affect any right accrued or established, or any liability or penalty incurred, under the provisions of such law, prior to the repeal thereof." Section 167 of this act (Laws Ill.1933, p. 387) provided generally for the repeal of the previously existing corporation act of June 28, 1919 (Laws Ill.1919, p. 312), in force July 1, 1919, as amended.

On November 28, 1933, the defendant acknowledged the receipt and delivery to it of 50 commission contracts and 50 collection reports properly signed, but refused thereafter to deliver the money escrowed with it upon advice from Broadwater that the contract between him and the plaintiff had been voided by fraud and misrepresentation in the procurement thereof on the part of the plaintiff and upon other objections by Broadwater.

On February 28, 1934, the present action was instituted, and the defendant appeared and attempted to interplead Broadwater.

On May 16, 1934, while the defendant's interpleader motion was pending decision, the plaintiff was dissolved, upon action of the Attorney General of the state of Illinois, by the superior court of Cook coun-

ty, Ill., for failure to file annual reports, to pay its franchise tax, and to maintain a place of business or principal office in the state of Illinois. In the dissolution proceedings the plaintiff did not appear and no attempt was made to liquidate the assets and business of the plaintiff by the Illinois court.

The interpleader motion being thereafter quashed, the defendant tendered and filed two special pleas in bar to the further prosecution of this action alleging the plaintiff's dissolution and denying the plaintiff's right under the Illinois law, to further prosecute this suit in this court. To these pleas the plaintiff filed special replications citing the provisions of section 163 of the 1933 Illinois Business Corporation Act (Smith-Hurd Ill.Stats. c. 32, § 157.163) in avoidance of the effect of its dissolution in Illinois. To each of these replications the defendant has demurred, and the case is before the court on these demurrers.

Before the passage of the 1933 Illinois Business Corporation Act, an Illinois corporation had the right and power to collect debts due it and to maintain suits in its corporate name for the same for a period of two years after its date of dissolution. Illinois Business Corporation Act of June 28, 1919, in force July 1, 1919, Laws Ill.1919, p. 320, § 14 (Smith-Hurd Ill.Stats. c. 32, § 157.94 note). However, in the enactment of the 1933 Illinois Business Corporation Act this right and power was withdrawn by the Legislature by the omission of the former provisions from the new act. Illinois Business Corporation Act, in force July 13, 1933, § 94 et seq., Acts of General Assembly of State of Illinois 1933, at pages 308, 354 et seq. (Smith-Hurd Ill. Stats. c. 32, § 157.94 et seq.). In the 1933 act, upon application of any interested party, the assets of any corporation undergoing involuntary liquidation may be collected by the appointment of receivers to collect the same pending dissolution. Illinois Business Corporation Act, in force July 13, 1933, sections 86 and 87.

■ Under the admitted common-law and federal Rule, the dissolution of a corporation, ipso facto, abates pending actions in which the corporation is a party, unless there be some specific curative or saving statute. Oklahoma Natural Gas Co. v. Oklahoma, 273 U.S. 257, 47 S.Ct. 391, 71 L.Ed. 634; 7 Ruling Case Law 738. And the laws of the corporate domicile determine its power to maintain either local or foreign actions after dissolution. Oklahoma Natural Gas Co. v. Oklahoma, supra; Pendleton v. Russell, 144 U.S. 640, 12 S.Ct. 743, 36 L.Ed. 574; 7 Ruling Case Law 739.

■ Thus the power of the plaintiff to maintain the present suit is circumscribed by the Illinois statutes. This fact is admitted by the plaintiff's special replications as well as the fact that under the general provisions of the 1933 Illinois Business Corporation Act no provision is made to empower the plaintiff further to prosecute the present action in its corporate name. Yet, the replications seek to avoid the effect of the 1933 act by applying the terms of section 163 thereof which states: "The repeal of a law by this Act shall not affect any right accrued or established, or any liability or penalty incurred, under the provisions of such law, prior to the repeal thereof," and by contending that the escrow agreement, signed and delivered to it on June 20, 1933, gave immediate rise to a property right which was and is a right accrued within the meaning of the section cited. Under this contention the plaintiff claims the right to further prosecute the present action within the provisions of the former Illinois Business Corporation Act of June 28, 1919, and section 14 thereof (Smith-Hurd Ill.Stats. c. 32, § 157.94 note).

We must further inquire just what it is that the plaintiff claims is saved to it by section 163 of the 1933 act. That act did not change or curtail any phase of the plaintiff's contract or property right created on June 20, 1933. The plaintiff's property right remained unchanged on July 13, 1933, when that act went into effect; it was unchanged at the time the plaintiff alleges its cause of action matured thereon on November 28, 1933; it was unchanged on the date of the institution of this suit on February 28, 1934; and it was unchanged on May 16, 1934, when the plaintiff was dissolved in Cook county, Ill. In a word, the 1933 act, and the repeal of the 1919 act thereby, never affected the plaintiff's property right acquired June 20, 1933, or even its right of action alleged to have been acquired on November 28, 1933. The 1933 act did change procedure for and remedies of corporations thereafter dissolved in the collection of their assets and debts. More specifically, the change in the 1933 act so far as the removal of the two-year period after

dissolution within which a corporation might sue as such to collect its debts constitutes a change in the corporation's remedy only and not a change in any vested or inchoate substantive right of such corporation. Consequently, the provisions of section 163 of the 1933 act do not save the plaintiff its here contended for privilege of further prosecuting the present action in its corporate name. There is no such thing as a vested right to a particular remedy. Crawford v. Halsted, 20 Grat.(61 Va.) 211; Campbell's Adm'x v. Montgomery, 1 Rob.(40 Va.) 392; Ensley v. State, 4 Okl.Cr. 49, 109 P. 250.

In the present case, neither the right of action nor the action now pending was in being at the date of the passage of the 1933 act. The plaintiff's method of procedure to sue subsequent to its dissolution in its corporate name was then nothing more than a possibility or contingency; it was inchoate so to speak. At the passage date of the 1933 act the plaintiff had not even a matured or vested form of procedure. Therefore, the 1933 act effectively removed and replaced the procedural privilege now here contended for by the plaintiff. Inchoate rights generally derived from a statute are lost by its repeal, unless saved by express words in the repealing section. Moor v. Seaton, 31 Ind. 11. In the case of Virginia & West Virginia Coal Co. v. Charles (D.C.W.D.Va.1917) 251 F. 83, at pages 128 and 129, the court clearly demonstrates why it holds that inchoate precedural rights are not within the saving clauses of repealing statutes.

Careful analysis reveals that it has not been the 1933 act which has put the plaintiff in its present predicament in this action, but rather has it been the failure of the plaintiff to maintain its corporate status and its neglect in securing proper liquidation of its assets by the appointment of a receiver upon its dissolution in Illinois. To permit the plaintiff to further maintain this action in its corporate name even though now dissolved, would be to permit a privilege of procedure replaced by the Illinois Legislature. It would be to permit the plaintiff to collect its assets without accounting to the state of Illinois for back and past-due license and franchise taxes, collection of which out of corporate assets is provided by the 1933 act upon appointment of receivers; it would be to permit the plaintiff a mode of procedure found inexpedient by the state of Illinois and, as such, repealed; it would be to allow the plaintiff a right "accrued or established" by its own derelictions and neglect.

Under all the circumstances, we are compelled to say that the plaintiff's rights and procedure on the issue involved are wholly controlled by the provisions of the 1933 Illinois Business Corporation Act and that it is not privileged to reach back into the provisions of the former act of 1919 for the purpose of avoiding the failure on its part to maintain its corporate status or to see to the appointment of receivers for it at the seasonable time. Therefore, this court is of opinion that the law is with the defendant upon the questions presented, and that its demurrers to the plaintiff's special replications should be sustained and the action dismissed, at the cost of the plaintiff.

Order will be entered accordingly.