**FLEMING, Administrator of Wage and Hour Division, v. SOUTHERN KRAFT CORPORATION.**

District Court, S. D. New York.

Jan. 14, 1942.

542

Warner W. Gardner, Sol., Irving J. Levy, Associate Sol., and John J. Babe, Principal Atty., U. S. Department of Labor, all of Washington, D. C., for plaintiff.

Davis, Polk, Wardwell, Gardiner & Reed, of New York City (Porter R. Chandler, William B. Hubbell, and Howard S. Tuthill, Jr., all of New York City, of counsel), for defendant.

BRIGHT, District Judge.

Plaintiff moves for an order (1) for leave to substitute Baird Snyder III as Acting Administrator of the Wage and Hour Division in place of the above named plaintiff to continue and maintain this action, (2) joining as defendants Southern Kraft Paper Corporation and International Paper Company, resulting after a consolidation of the International Paper Company with the International Paper & Power Company, or (3) substituting Southern Kraft Paper Corporation and International Paper Company resulting after such consolidation, as defendants in place of the defendant named, and (4) permitting the service and filing of an amended and supplemental complaint.

The defendant moves for an order (1) dismissing the action upon the ground that the defendant is no longer in existence, having been merged with the International Paper Company, or (2) striking out the complaint·under Rule 12(e) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, for the failure of plaintiff to furnish a bill of particulars as directed by an order made on November 13, 1940, or (3) striking out the bill of particulars served and directing the service of a further bill.

█ Plaintiff's motion to substitute Baird Snyder III in place of Philip B. Fleming and to continue the action and also to add as parties defendant Southern Kraft Paper Corporation and International Paper Company resulting after the consolidation mentioned, and to serve and file an amended and supplemental complaint is granted.

██ Under the New York and Delaware corporation laws, I think the new corporations which succeed to the assets of the defendant also succeed to its liabilities; in other words, stand in the shoes of the defendant insofar as any cause of action against it existing at the time of the merger of consolidation is concerned, and this would be so in this instance in view of the statement in plaintiff's moving affidavit that the corporations to be substituted are continuing the practices of the defendant criticized in the present complaint. The cause of action does not abate upon the merger; Oklahoma Natural Gas Co. v. Oklahoma, 273 U.S. 257, 47 S. Ct. 391, 71 L.Ed. 634; American Trans-

portation Co. v. Swift & Co., 2 Cir., 24 F.2d 310; The Greyhound, 2 Cir., 68 F. 2d 832; and cannot be escaped by a merger or dissolution. United States v. Trans-Missouri Freight Association, 166 U.S. 290–309, 17 S.Ct. 540, 41 L.Ed. 1007.

The defendant's motion is in all respects denied. The action does not abate because of the merger for the reasons above stated. The order for the bill of particulars was divided into three subdivisions. The first required the names of the several contractors and producers of pulp wood who are claimed to have violated the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq., as to either wages or hours. The bill sets out the names of 2,549 contractors and producers presently known to the plaintiff, the names of many others being unknown. The fact that the names are not arranged alphabetically, or are in some instances duplicated, or are alleged to be unknown to the defendant, or that the defendant is unable to identify who many of them are, or that there are more named than defendant has ever done business with, does not make the bill deficient or insufficient. The criticism that it also states that there are others now unknown to the plaintiff does not require the striking out of the bill or of the complaint. The order may require that plaintiff may be limited to those named unless within twenty days prior to the trial it serves upon the defendant a further written bill stating the names of any other contractors or producers claimed to have violated the Act. The second paragraph of the order directed plaintiff to state during what dated weeks each of said contractors and producers violated the Acts. The statement of plaintiff in his bill that they did so during each work week beginning October 24, 1938, to the date of the filing of the bill complies with the order. It adequately advises defendant that plaintiff claims a violation every week of the period mentioned, and is sufficient to enable the defendant to plead. The third subdivision of the order directed plaintiff to state (a) approximately in how many instances the Act was violated by each contractor or producer, (b) with respect to which class of labor was the Act violated by each contractor or producer, (c) whether the violations were as to wages or hours or both, and (d) the approximate number of employees for each class of each contractor or producer who are claimed to have been underpaid, and the approximate total of underpayments for each class. These were adequately answered (a) by the statement that such violations occurred in each work week of the period mentioned on each work day, by the major part of the employees employed by each contractor or producer for virtually every hour worked; (b) by the statement that the violations were by cutters or sawyers, haulers, truckers, helpers, swampers or miscellaneous employees whose various occupations were described; (c) that the violations were as to both wages and hours; and (d) by the statement of the number of employees engaged in each class of labor and by the approximate amounts of underpayments mentioned for each class. There can be no doubt that the answers given are entirely sufficient to enable defendant to serve a responsive pleading.

An order to be settled on notice may be entered in accordance with the foregoing and providing that the amended and supplemental complaint shall be served with the appropriate summons upon the new defendants, within thirty days after the entry of this order, and that the defendants may have twenty days in which to answer the same.