**In re MIDPOINT DEVELOPMENT, L.L.C., Debtors.**

**No. BK–04–16795–BH.**

United States Bankruptcy Court, W.D. Oklahoma.

Aug. 19, 2004.

Douglas N. Gould, Oklahoma City, OK, for Creditor–Movant, Gary West, Trustee of the 1990 Grieser Trust.

Jimmy K. Goodman, William H. Hoch, Reagan D. Allen, Crowe & Dunlevy, P.C., Oklahoma City, OK, for Creditor–Movant, Claudia Holliman.

Michael Paul Kirschner, Lorrie A. Corbin, Kirschner Law Firm, Oklahoma City, OK, Bobbie G. Bayless, Bayless & Stokes, Houston, TX, for Debtor–Respondent, Midpoint Development, L.L.C.

## ORDER DENYING JOINT MOTION TO DISMISS PETITION

RICHARD L. BOHANON, Bankruptcy Judge.

For the reasons set forth below, the Court hereby denies the joint motion to dismiss the petition asserting that the Debtor is ineligible to be a debtor under the Bankruptcy Code.

### Background

Creditors Claudia Holliman and Gary West, Trustee of the 1990 Grieser Trust, ("the Movants") jointly seek dismissal of the Debtor's Chapter 11 petition, and the

Debtor opposes the motion. At a hearing, the Court denied the portion of the motion seeking dismissal of the petition for cause and took under submission the portion concerning whether the Debtor is eligible to be a debtor under the Bankruptcy Code.

The Debtor along with several other related entities were previously debtors under Chapter 11; however, those petitions were dismissed in November 2003 following protracted proceedings. Shortly thereafter, on November 14, 2003, the Debtor filed articles of dissolution with the Oklahoma Secretary of State. Later, the Debtor filed this Chapter 11 petition, and the Movants moved to dismiss the petition.

The Court concludes that the Debtor is eligible to be a debtor and denies the remaining part of the motion to dismiss.

### Discussion

The issue is whether a dissolved Oklahoma limited liability company is eligible to be a debtor under Chapter 11 of the Bankruptcy Code. There are no cases answering this question, and in order to discover an answer, the Court considers the statutory construction of the Oklahoma Limited Liability Company Act as well as related jurisprudence.

The Movants assert that the plain language of the Limited Liability Company Act mandates that the Debtor's existence terminated upon its dissolution. They point out that applicable sections of the Oklahoma General Corporation Act and the Oklahoma Revised Uniform Partner-

ship Act provide for the continued existence of a corporation or partnership upon dissolution in order to wind up affairs.[1] *See e.g.*, 18 Okla. Stat. Ann. § 1099; 54 Okla. Stat. Ann. § 1–802(a). On the other hand, the Act has no such express provision. Thus, the Movants argue that the common law rule that "a corporation which has been dissolved is as if it did not exist" applies. *Oklahoma Natural Gas Co. v. Oklahoma*, 273 U.S. 257, 259, 47 S.Ct. 391, 71 L.Ed. 634 (1927). Therefore, according to the Movants, the Debtor ceased to exist upon its dissolution and cannot be a debtor under the Bankruptcy Code.

■ However, the analysis is not so simple. To be eligible to be a debtor under the Bankruptcy Code, an entity must be a "person." *See* 11 U.S.C. § 109(a). "Person" is defined at 11 U.S.C. § 101(41) to include an "individual, partnership, and corporation." In turn, "corporation" is defined as follows:

(9) "corporation"—

(A) includes—

(i) association having a power or privilege that a private corporation, but not an individual or a partnership, possesses;

(ii) partnership association organized under a law that makes only the capital subscribed responsible for the debts of such association;

(iii) joint-stock company;

(iv) unincorporated company or association; or

(v) business trust; but

---

**1.** Those sections do expressly provide for the continuation of a corporation or partnership for winding up affairs. Those sections provide:

> All corporations, whether they expire by their own limitation or are otherwise dissolved, nevertheless shall be continued, for the term of three (3) years from such expiration or dissolution or for such longer pe-

riod as the district court shall in its discretion direct . . . .

18 Okla. Stat. Ann. § 1099; and

> (a) Subject to subsection (b) of this section, a partnership continues after dissolution only for the purpose of winding up its business. The partnership is terminated when the winding up of its business is completed.

54 Okla. Stat. Ann. § 1–802(a).

(B) does not include limited partnership. 11 U.S.C. § 101(9). Moreover, "includes" is not limiting, see 11 U.S.C. § 102(3), meaning that this list is not exhaustive.

Even though the Bankruptcy Code does not explicitly mention limited liability companies, most commentators agree that they are sufficiently analogous to corporations and partnerships to be debtors. See In re ICLNDS Notes Acquisition, L.L.C., 259 B.R. 289, 293 (Bankr.N.D.Ohio 2001). See also, Thomas F. Blakemore, Limited Liability Companies and the Bankruptcy Code: a Technical Review, 13 Am. Bankr. Inst. J. 12 (June 1994) (noting that a limited liability company appears to qualify as a "corporation"); Steven A. Waters & Eric Terry, Bankruptcy and Insolvency Issues for Partnerships, LLCs, and Their Owners—the Good, the Bad, and the Ugly, 39 Tex. J. Bus. L. 51, 79 (Spring 2003) (observing that "corporation" fits a limited liability company). Of course, the Movants do not dispute that limited liability companies in general are eligible to be debtors, but rather the issue is whether a dissolved limited liability company is eligible to be a debtor.

 This requires a solicitous consideration of the Act. See generally, 18 Okla. Stat. Ann. § 2000 et seq. A review of it shows that the status of a dissolved limited liability company is less than clear. Nonetheless, reading the Act as a whole implies that, contrary to the Movants' argument, a dissolved limited liability company does not cease to exist upon dissolution, but rather it continues in order to wind up affairs.

First, some sections of the Act refer to "winding up" affairs in connection with dissolution. For instance, § 2012.1(A) of the Act provides that "[t]he articles of organization shall be canceled upon the dissolution and the completion of winding up of a limited liability company . . . ." 18 Okla. Stat. Ann. § 2012.1(A) (emphasis added). From the statute, it is unclear what "canceled" means, but the important key here is that the statute provides for cancellation of the articles of organization only when there has been both dissolution and completion of winding up.

Also, § 2039 of the Act governs the manner in which the affairs of a limited liability company may be wound up. Section 2039(A)(2) allows for those managers winding up affairs to:

a. prosecute and defend suits,

b. settle and close the business of the limited liability company,

c. dispose of and transfer the property of the limited liability company,

d. discharge the liabilities of the limited liability company, and

e. distribute to the members any remaining assets of the limited liability company.

18 Okla. Stat. Ann. § 2039(A)(2). That section further provides that a manager can bind a limited liability company after an event causing dissolution. That portion of the statute reads as follows:

[A]fter an event causing dissolution of the limited liability company any manager can bind the limited liability company:

1. By any act appropriate for winding up the limited liability company's affairs or completing transactions unfinished at dissolution; and

2. By any transaction that would have bound the limited liability company if it had not been dissolved, if the other party to the transaction does not have notice of the dissolution.

18 Okla. Stat. Ann. § 2039(B).

 Thus, a fair reading of the Act is that dissolved limited liability companies are empowered to wind up their affairs, and they therefore must continue to exist

in a legal sense for this to be carried out. It thus follows that a dissolved limited liability company qualifies as a debtor in order to wind up its affairs.

Indeed, courts have permitted dissolved corporations to be debtors. *See Cedar Tide Corp. v. Chandler's Cove Inn, Ltd. (In re Cedar Tide Corp.)*, 859 F.2d 1127, 1131–32 (2d Cir.1988)(citing *New Haven Radio, Inc. v. Meister (In re Martin–Trigona)*, 760 F.2d 1334 (2d Cir.1985)). In *Cedar Tide*, the debtor was dissolved by New York for failure to pay taxes, but it later sought Chapter 11 bankruptcy protection. The Court of Appeals for the Second Circuit held that the bankruptcy court did have subject matter jurisdiction over a dissolved corporate debtor. *See id.*

Given the acknowledged similarities between corporations and limited liability companies, there is no reason that a dissolved limited liability company is ineligible to be a debtor under the Bankruptcy Code. Despite the dearth of case law on this issue, at least two commentators agree with the Court's analysis when they write:

> As noted above, the LLC entity is too new to be covered by current or former bankruptcy statutes. By analogy to partnerships, it is not unreasonable to predict that the same analysis would apply—until winding up has been completed and articles of dissolution filed with the Secretary of State, an LLC should continue to be subject to bankruptcy filing.

Waters & Terry, *supra*, at 79. The Court concludes that a dissolved Oklahoma limited liability company is eligible to be a debtor under the Bankruptcy Code under these circumstances.

### Conclusion

Accordingly, the Court hereby denies the portion of the joint motion to dismiss the petition asserting that the Debtor is ineligible to be a debtor.