S. HIRSCH DISTILLING CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 15816. Promulgated January 9, 1929.

*James H. Sykes, Esq.,* for the petitioner.
*John D. Foley, Esq.,* for the respondent.

## OPINION.

GREEN: It has been brought to our attention that the S. Hirsch Distilling Co. was dissolved on June 30, 1920, and we are asked to abate this proceeding and to find that there is no deficiency because of such dissolution.

In *Oklahoma Natural Gas Co.* v. *Oklahoma*, 273 U. S. 257, decided February 21, 1927, the counsel for both parties moved the United States Supreme Court to substitute a new party appellant for the Oklahoma Gas Co., which latter company had been duly and legally dissolved as a corporation by decree of the District Court of Tulsa County, Oklahoma, after the writ of error to the Supreme Court had been allowed. In denying the motions the Supreme Court, speaking through Mr. Chief Justice Taft, said:

There is no specific provision in our rules for the substitution as a party litigant of a successor to a dissolved corporation. It is well settled that at common law and in the federal jurisdiction a corporation which has been dissolved is as if it did not exist, and the result of the dissolution can not be distinguished from the death of a natural person in its effect. *Mumma* v. *Potomac Company*, 8 Pet. 281; *National Bank* v. *Colby*, 21 Wall. 609; *Pendleton* v. *Russell*, 144 U. S. 640; *Bank of United States* v. *McLaughlin*, Fed. Case No. 928; *Greeley* v. *Smith*, Fed. Cases 5748; *Walters* v. *Western & Atlantic Railroad Co.*, 69 Fed. 679; *Marion Phosphate Company* v. *Perry*, 74 Fed. 425; *Board of Councilmen of the City of Frankfort* v. *Deposit Bank of Frankfort,*

120 Fed. 165; *United States* v. *Spokane Mill Company*, 206 Fed. 999. See also *Edison Co.* v. *Westinghouse*, 34 Fed. 232 and *Edison Co.* v. *United States Lighting Co.*, 52 Fed. 300. It follows therefore that, as the death of the natural person abates all pending litigation to which such a person is a party, dissolution of a corporation at common law, abates all litigation in which the corporation is appearing either as plaintiff or defendant. To allow actions to continue would be to continue the existence of the corporation *pro hac vice*. But corporations exist for specific purposes, and only by legislative act, so that if the life of the corporation is to continue even only for litigating purposes it is necessary that there should be some statutory authority for the prolongation. The matter is really not procedural or controlled by the rules of the court in which the litigation pends. It concerns the fundamental law of the corporation enacted by the State which brought the corporation into being.

The S. Hirsch Distilling Co. was brought into being under the laws of the State of Missouri. The 1919 Revised Statutes of that State, were in force at the date of dissolution of the corporation. Section 9755 of those statutes provides that, upon the dissolution of any corporation,—

the president and directors or managers of the affairs of said corporation at the time of its dissolution, by whatever name they may be known in law, shall be trustees of such corporation, with full powers to settle the affairs, collect the outstanding debts and divide the moneys and other property among the stockholders, after paying the debts due and owing by such corporation at the time of its dissolution, as far as such money and property will enable them; to sue for and recover such debts and property by the name of the trustees of such corporation, describing it by its corporate name, and may be sued by the same; and such trustees shall be jointly and severally responsible to the creditors and stockholders of such corporation to the extent of its property and effects that shall have come into their hands.

Section 9756 provides in substance that whenever the stockholders holding at least two-thirds in value of all the capital stock shall adopt a resolution favoring a dissolution, " such corporation may be dissolved by a judgment or decree of the circuit court of the county in which its principal office for the transaction of its business is located."

Section 9757 provides how the application for dissolution shall be made and what the petition shall contain.

Section 9758 deals with the procedure to be followed after the petition is filed with respect to requiring all persons interested in such corporation to show cause, if any they have, why such corporation should not be dissolved, the method of publishing notice, and the power of the court to continue the proceeding from time to time for certain purposes.

Section 9759, as far as it is material here, provides:

If upon a hearing of such application the court shall be satisfied that the prayer of such petition can be granted without prejudice to the public welfare, or the interest of the corporators or the creditors of such corporation, it may

enter a judgment or decree dissolving such corporation and direct that the president and directors or managers of said corporation shall take charge of its assets and administer them as now provided by section 9755 * * *.

Section 9760 provides that a copy of such judgment of dissolution should be sent to the Secretary of State.

Section 9766 provides that in case any corporation should dissolve leaving debts unpaid—

suits may be brought against any person or persons who were stockholders at the time of such dissolution, without joining the company in such suits; * * *

An examination of the above sections of the Missouri statutes indicates clearly that, unlike the situation in many other States, there is no provision made for keeping the corporation alive in order to settle its affairs when once it has been dissolved. If it has assets or liabilities at the time of dissolution the court may direct that the president and directors or managers of said corporation shall take charge and proceed in accordance with section 9755 *supra.*

In *Bradley* v. *Reppell*, 133 Mo. 545; 32 S. W. 645, the Supreme Court of the State of Missouri, in holding that a dissolved corporation could not execute a valid conveyance, said in part:

The corporation thus chartered was an ordinary business corporation, whose corporate existence, by virtue of these statutory provisions, expired on the 14th of March, 1879, and the two deeds rejected by the court upon the trial were executed after that date in the name and under the corporate .seal of the company "by William McCoy, President"; "Attest: Edw. A. Allen, Secretary." The defendant objected to the introduction of these deeds offered in evidence by the plaintiffs as constituting a part of their chain of title, and in support of his objections read in evidence the act of the legislature aforesaid incorporating said company, and it was admitted that said company in whose behalf said deeds had been so executed was the same company by said act incorporated, and that it was never thereafter reincorporated. The defendant's claim of title was by adverse possession, and there is not in the case any question of estoppel to deny the existence of the corporation by reason of the relation sustained by the defendant to the land company, or of any dealings by him, directly or indirectly, with it, or any person connected with or representing it. Why, then, should the defendant be precluded from showing by the law that gave that company its corporate existence that at the time these deeds were made it was dead, incapable of executing a legal conveyance of the real estate in question; and that said deeds were therefore void, and no evidence of title? The answer returned by the counsel for plaintiffs to this question is, "That it is the settled law of this state that a conveyance to or by a corporation de facto can be assailed on the grounds of lack of corporate existence only by the state." This answer does not meet the question, unless it be assumed that a corporation whose corporate existence has expired by the terms of the law which created it still exists as a defacto corporation as to all persons except the state,—an assumption that we think is not sustained by the authorities cited, and is not "the settled law in this state." On the contrary, in this state, as elsewhere, unless otherwise provided by statute, the law is that, where the term of the existence of a corporation is fixed by its charter or the general law, upon the expiration of that term the corporation becomes ipso facto dissolved.

It can no longer act in a corporate capacity, and its title to property ceases. 2 Beach, Priv. Corp. § 780; 2 Mor. Priv. Corp. § 1031. In such an event, in this state, the title to its property is by statute devolved upon trustees for the settlement of its affairs and the distribution of its assets (Rev. St. 1855, supra; Rev. St. 1889, § 2513), and thereafter it has no power to make a legal contract or convey property in its corporate name and capacity. It ceases to be a corporation de jure et de facto for the reason that there is no law in force authorizing its existence, and no law by virtue of which it might exist; and no person, unless estopped by his own action, ought to be or can be precluded from showing this fact, apparent on the face of the law itself, without the necessity of any judicial investigation, in an issue involving his own personal rights and interests. An examination of the authorities cited by counsel for respondents, and of all the other cases touching this question, will show that it has never been otherwise ruled in this state, nor elsewhere, so far as we have been able to discover.

In *Scanlan* v. *Crawshaw*, 5 Mo. App. 337, it was held that a judgment against a corporation that had ceased to exist at the time it was rendered was a nullity, and that an order to issue execution on such judgment against a stockholder was void.

In *Ford* v. *Kansas City & Independence Short Line R. R. Co.*, 52 Mo. App. 439, the Kansas City Court of Appeals held, *inter alia*, that a service of process upon the president of a defunct corporation conferred no jurisdiction over the person of the dead corporation. At page 453 we find this language:

At first blush we were inclined to think that the provisions of section 2519, allowing suits to be brought after dissolution of the corporation against the stockholders " without joining the company in such suit," was a statutory recognition of the existence of the corporation after dissolution, but further reflection convinces us that such is not the case. If the corporation has ceased to exist, if its powers are extinct and its managing officers have become *functus efficio*, if such managing officers have been converted into statutory trustees of the corporation, and in that capacity alone represent the corporation, it is quite difficult to understand how in this action against the corporation the service of summons on any one of them as president or managing officer of the corporation could confer jurisdiction over the person of the dead corporation. As such managing officers they could not appear and defend the action. Nothing they could do would bind the corporation. The status of the corporation in this case is analogous to that of a corporation whose dissolution was occasioned by the expiration of its charter. The trustees in a proper case could be sued, but certainly not the extinct corporation. The logical corollary to this is that there is a defect of necessary parties to the action.

From the foregoing opinions we conclude that after the 30th day of June, 1920, the S. Hirsch Distilling Co., a corporation, ceased to exist. All of the rights which it as a corporation had theretofore had were completely extinguished. It no longer had any right to do anything. Having been thus wiped out, no legal entity remained to institute this proceeding. The attempt on the part of one of its former officers to institute a proceeding in its behalf has resulted in

nothing since he could not by his own acts raise the dead. A petition filed for and on behalf of a wholly dissolved corporation does not give this Board jurisdiction.

This case is in many respects similar to that before us in *Appeal of George Wiedemann Brewing Co. and Walter B. Weaver as a Stockholder, etc.*, 4 B. T. A. 664. The cases differ in one material particular. In that case the corporation, though formerly dissolved, continued in existence for a reasonable time for the purpose of closing up its business. In this case the corporate existence is wholly and completely terminated. Our determination of a deficiency under such circumstances would be a nullity, and accordingly, on our own motion, we hold that we have no jurisdiction.

Reviewed by the Board.

*Final order will enter accordingly.*