ENGINEERS OIL CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 10399, 11395, 14631. Promulgated January 10, 1929.

*Hudson P. Hibbard, Esq.,* for the petitioner.
*Shelby S. Faulkner, Esq.,* for the respondent.

OPINION.

MARQUETTE: On October 30, 1925, the Commissioner mailed a deficiency letter to the Engineers Oil Co. of California asserting deficiencies in tax in the amounts of $5,969.84 for the year 1918 and $6,539.78 for the year 1919. On December 2, 1925, he mailed a second deficiency letter to said company asserting a deficiency in tax for the year 1920 in the amount of $35,364.30. On January 11, 1926, the Commissioner mailed a third deficiency letter to said company asserting a deficiency in tax for the year 1921 in the amount of $3,206.10. Appeals were filed with this Board from the determinations of the Commissioner, as set forth in the three deficiency letters, on December 28, 1925, January 28, 1926, and April 26, 1926.

The petitions allege and the answers admit, that the petitioner herein is a corporation organized under the laws of Delaware. The evidence shows that it was organized about the year 1920 and that it acquired all of the assets of the Engineers Oil Co., a California corporation, in consideration of the issuance to the California cor-

poration of all of its capital stock; that the acquisition of the assets of the California corporation was consummated in the year 1922, and that the California corporation was then dissolved. The evidence further shows that the Engineers Oil Co. of California was organized under the laws of the State of California in the year 1911, and that it was engaged in business from that time until some time subsequent to the year 1921, and that the taxes involved in these proceedings are the taxes of the California company and are asserted against it.

The situation thus presented is substantially the same as that in *Bond, Inc.*, 12 B. T. A. 339, wherein we held that where the Commissioner has asserted a deficiency against a taxpayer, this Board acquires no jurisdiction to redetermine the amount thereof upon petition filed by one other than the taxpayer, who has assumed the payment of or who is liable for the deficiency. See also, *Bisso Ferry Co.*, 8 B. T. A. 1104; *Weis & Lesh Mfg. Co.*, 13 B. T. A. 144.

Upon the authority of the decisions in the cases just cited, we hold that there are no valid appeals before us in the instant proceedings.

*Order of dismissal will be entered accordingly.*