CARNATION MILK PRODUCTS CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 19552, 19789.   Promulgated August 28, 1930.

*J. S. Y. Ivins, Esq.*, for the petitioner.
*L. A. Luce, Esq.*, and *J. E. Marshall, Esq.*, for the respondent.

OPINION.

MORRIS: On September 6, 1929, the petitioner filed a motion for judgment in the above entitled proceedings, setting forth therein the fact that the ultimate question at issue, that is, whether there is any deficiency in income tax for 1919 of the Carnation Milk Products Co. of Maine, to which the petitioner, a Delaware corporation, is successor, has been decided by this Board in a prior proceeding (*Carnation Milk Products Co.*, 15 B. T. A. 556), and consequently the subject matter of these proceedings is *res adjudicata* and, therefore, judgment of no deficiency should be entered for that year.

The above stated motion came on for hearing on October 21, 1929, at which time the parties argued the question raised thereby. Upon due consideration it appeared to the Board that the deficiency letters were addressed to the Carnation Milk Products Co., Oconomowoc, Wis., as the "taxpayer" under the provisions of section 274 of the Revenue Act of 1926, that the party petitioning did so as a "transferee" of the assets of the *taxpayer* and not as the *taxpayer* itself, and therefore, it withheld consideration of the said motion until such time as the Board's jurisidiction could be clearly established, and it entered its order on November 11, 1929, placing the proceedings upon the day calender of November 21, 1929, for hearing upon the question of jurisdiction.

On November 21, 1929, the parties hereto, by their respective counsel, appeared and argued the jurisdictional issue, pursuant to the aforesaid order, and they thereafter filed briefs in support of their contentions.

The question presented to us at this time, therefore, is the jurisdiction of the Board to redetermine the deficiencies in these proceedings.

The petitioner contends, among other things, that the Board is a tribunal of limited jurisdiction; that the transferee, unless it is the party against whom the deficiency is proposed, is not the proper party to petition the Board, and that the petitioner herein was not authorized by law to represent the taxpayer, and consequently the Board is without jurisdiction. The respondent, on the other hand, contends that while the consent of the parties can not give jurisdic-

tion to the Board, the parties may admit the existence of facts which show jurisdiction and that the admitted facts show that the Board has jurisdiction in these proceedings; that, while technically the two corporations in question may be considered separate legal entities, they are for all practical purposes the same, the new corporation being a mere continuation of the old, and, finally, that the petitioner is estopped from denying that it is the taxpayer.

The petitioner herein is a corporation, organized and incorporated under the laws of the State of Delaware (hereinafter referred to as the Delaware corporation), with its principal office at Oconomowoc, Wis., and it is successor to the Carnation Milk Products Co., a corporation organized and incorporated under the laws of the State of Maine (hereinafter referred to as the Maine corporation).

The Maine corporation filed an income and profits-tax return for the period in controversy, executed by E. A. Stuart, as president, and G. K. Spencer, as treasurer, which said return showed a tax of $935,258.40, and it stated that the company was incorporated in 1910 under the laws of the State of Maine. The tax shown by that return was paid in quarterly installments in March, June, August, and December, 1920, the last two payments being made by the Delaware corporation.

On May 21, 1920, a certificate of incorporation was filed for the Delaware corporation in the office of the Secretary of the State of Delaware, wherein it was set forth that one of the purposes of its incorporation was to acquire and take over from the Maine corporation the recipes and formulas for the processes of manufacturing several kinds and brands of condensed or evaporated milk and other food products, together with the patents, trade-marks, and trade names of the latter, and all its plants, factories, offices and real and personal property of every kind wheresoever situated, together with the good will of the business. Thereafter, an amended certificate of incorporation was filed in the office of the said secretary on July 1, 1920, wherein, among other things, the above mentioned purposes were recited as set forth in the original certificate.

On or about July 1, 1920, the Delaware corporation acquired all of the assets and assumed all the liabilities of the Maine corporation in consideration of the issuance to it of the shares of capital stock of the Delaware corporation. Thereafter, on December 27, 1920, the Maine corporation was dissolved.

The petitioner filed a petition with this Board August 24, 1926, petitioning " for a redetermination of the deficiency set forth by the Commissioner of Internal Revenue in his two notices of deficiency dated June 25, 1926 and July 6, 1926 * * *." The said letter of June 25, 1926, which purports to have been mailed to the Carna-

tion Milk Products Co., Oconomowoc, Wis., was prepared on that date and was, through error of an employee of the respondent, sent by ordinary mail to a representative of the petitioner. That letter stated in part as follows:

An audit of your income and profits tax return for the year ended December 31, 1919, has resulted in the determination of a deficiency in tax of $257,074.60, as shown by Bureau letter dated March 9, 1926.

In accordance with the provisions of section 274 of the Revenue Act of 1926, you are allowed 60 days from the date of mailing of this letter within which to file a petition for the redetermination of this deficiency. * * *

The petition aforesaid, Docket No. 19552, stated in the first numbered paragraph thereof:

The petitioner is a corporation duly organized and existing under the laws of the State of Delaware, with principal office at Oconomowoc, Wisconsin, and is the successor to, or transferee of the assets of, the Carnation Milk Products Company, a corporation duly organized and formerly existing under the laws of the State of Maine, with principal office during the years 1917, 1918 and 1919 at said Oconomowoc.

The notice of deficiency of July 6, 1926, hereinabove referred to, stated in part:

An audit of your income and profits tax returns for the years ended December 31, 1918 and December 31, 1919 has resulted in the determination of a deficiency in tax of $257,074.60 for the year ended December 31, 1919 as shown by Bureau letter dated March 9, 1926, and an overassessment of $94,525.13 for the year ended December 31, 1918, as shown by Bureau letter dated November 1, 1924.

In accordance with the provisions of section 274 of the Revenue Act of 1926, you are allowed 60 days from the date of mailing of this letter within which to file a petition for the redetermination of this deficiency. * * *

The petition filed pursuant to the deficiency letter last above mentioned, Docket No. 19789, stated in part that:

The petitioner is a corporation duly organized and existing under the laws of the State of Delaware, with principal office at Oconomowoc, Wisconsin, and is the successor to, or transferee of the assets of, the Carnation Milk Products Company, a corporation duly organized and formerly existing under the laws of the State of Maine, with principal office during the years 1917, 1918 and 1919 at said Oconomowoc.

The Delaware corporation, through its officers or representatives, has executed powers of attorney, affiliated corporations' questionnaires, affidavits, waivers, protests, correspondence, briefs, claims for amortization of war facilities, claims for refund, appeal from the ruling of the Income Tax Unit to the Committee on Appeals and Review, etc., and has held a number of conferences with the Bureau of Internal Revenue and the said Committee on Appeals and Review with respect to the tax liability of its predecessor for the years 1917, 1918, and 1919, some of which documents bore the corporate

seal of the Carnation Milk Products Co., a Delaware corporation organized in 1920.

The said Delaware corporation filed a corporation income and profits-tax return for the calendar year 1920, subscribed and sworn to by its officers, which said return covered the full calendar year beginning January 1, 1920, to December 31, 1920. That return stated that it was incorporated under the laws of the State of Delaware July 1, 1920, and the question therein, " Did the corporation file a return under the same name for the preceding taxable period?" was answered in the affirmative, but it made no reply to that part of the question which asked, " If not, was the corporation in any way an outgrowth, result, continuation, or reorganization of a business in existence during this or the preceding taxable period? "; nor did it answer the last part of the same question which asked, " If answer is ' Yes ' give name and address of each predecessor business? " In reply to the question in that return as to whether it or its predecessor had been reorganized or whether it or its predecessor had taken over a going business, etc., during the taxable year, it replied, " Simply change from Maine to Delaware—no other change." That return showed a loss of $736,751.60, but there was no attempt therein to differentiate between the figures pertaining to the Maine corporation and the Delaware corporation. The same is true of an amended return filed on August 4, 1923, with respect to the same taxable year.

A capital-stock-tax return was prepared and filed by the Delaware corporation for the taxable year ended December 31, 1919, which was executed by E. H. Stuart, vice president, and G. K. Spencer, treasurer, and also for the period ended December 31, 1920, the figures in which were compiled and prepared as though there had been uninterrupted continuity for the several years immediately preceding, except that that return stated " The company was incorporated in the State of Maine in September 1910 but the domicile was changed in July 1920 to the State of Delaware." The figures in the 1921 return were also prepared as though its existence had been continuous.

The reports of revenue agents' examinations and communications setting forth the findings of the Bureau of Internal Revenue with respect to the tax liability of the Maine corporation have been mailed to the Delaware corporation, which findings have been protested by the latter.

The officers, stockholders, assets, places of business, and name of the Maine corporation were the same as the officers, stockholders, assets, places of business, and name of the Delaware corporation.

The respondent averred that on account of the waivers extending the time for assessment and collection of the taxes for 1919 and

because of the other acts, representations, attitude and conduct of the petitioner, he did not assess said tax or bring suit therefor against the Delaware corporation within the statutory period, and, therefore, having obtained such forbearance on the part of the respondent, the petitioner is estopped to deny that it is the taxpayer and/or the party in interest and liable for the said tax.

Clearly, these proceedings come before us by virtue of section 274 of the Revenue Act of 1926, which provides in part as follows:

SEC. 274. (a) If in the case of any taxpayer, the Commissioner determines that there is a deficiency in respect of the tax imposed by this title, the Commissioner is authorized to send notice of such deficiency to the taxpayer by registered mail. Within 60 days after such notice is mailed * * * the taxpayer may file a petition with the Board of Tax Appeals for a redetermination of the deficiency.

The question presented for consideration would seem to have been settled by our decision in *Bisso Ferry Co.*, 8 B. T. A. 1104, and other similar cases reaching the same conclusion, and were it not for the fact that the respondent has gone to great length and has spent considerable time in the preparation of a brief supporting his contentions, we would dismiss the present proceedings without further discussion. However, in view of the circumstances we shall review the reports of the decided cases in support of the conclusion which we feel compelled to reach.

In *Bisso Ferry Co.*, *supra*, the petitioner sought a redetermination of deficiencies asserted by the respondent against the Bisso Ferry Co. for the years 1917 to 1920, inclusive. The petitioner there was incorporated on August 12, 1921, under the laws of Louisiana, acquiring at that time certain assets then owned and operated by the said Bisso Ferry Co. The respondent admitted that the petitioner was not incorporated until August 12, 1921, and that the Bisso Ferry Co. was not a corporation, but contended that it was an association taxable as a corporation under the Revenue Acts of 1917 and 1918. The Board said, in dismissing that proceeding for lack of jurisdiction, that:

The tax is asserted against the Bisso Ferry Co., which the respondent admits was a separate entity from the petitioner and not a corporation either *de jure* or *de facto* * * *.

and it said further:

* * * In the absence of an appeal by the party or parties against whom the deficiency is asserted, we can not, at the request of the petitioner, determine their liability for the taxes involved herein, merely because the petitioner is apprehensive that the respondent may hereafter attempt to collect the tax from it in some other tribunal.

In *Bond, Inc.*, 12 B. T. A. 339, the respondent mailed a notice of deficiency to Bond, Schoell & Co. on October 4, 1927, and on Decem-

ber 1, 1927, the petitioner, Bond, Inc., filed a petition with the Board for a redetermination of said deficiency, setting forth in its petition that it was the petitioner, that it petitioned for a redetermination of the deficiency set forth in the deficiency notice to Bond, Schoell & Co., "the predecessor corporation," and it alleged, among other things, that the petitioner was a corporation and that it was the "successor to Bond, Schoell and Company (now dissolved), whose assets and liabilities were taken over as of April 1, 1926." The petitioner alleged further that in a reorganization of Bond, Schoell & Co. and another company, effective March 31, 1926, "all assets, liabilities and outstanding contracts of these corporations together with the unrealized profits on these contracts were transferred at book values to a new corporation named Bond, Incorporated." In that case the respondent filed a motion to dismiss for want of jurisdiction, on the ground that no deficiency had been determined in respect to the petitioner, Bond, Inc., and that the proceeding was not brought by the taxpayer in respect to whom the deficiency was determined nor its authorized representative. Thereafter, and before hearing on said motion, the petitioner's counsel moved to permit the substitution of other parties as legal administrators of Bond, Schoell & Co. in place of Bond, Inc., as petitioners, those said persons being the directors of that company at the time of its dissolution. It was shown in that proceeding that as a part of the transaction by which Bond, Inc., acquired the business of Bond, Schoell & Co., the purchaser assumed all the debts, liabilities and contracts, etc., of the vendor, including taxes. In granting the respondent's motion to dismiss and denying the motion of the petitioner, the Board said in part:

The Act provides that the petition shall be filed with the Board by the taxpayer. The only exception to which our attention has been called is in the case of a fiduciary and, possibly, a transferee against whom the Commissioner seeks to collect a tax under section 280 of the Act. Petitioner falls within neither of these exceptions.

* * * The assumption of the liability by the petitioner can not deprive the Government of the right to proceed against the taxpayer if it sees fit to do so. This is what has been done. The petitioner has no power to do any act which would bind the taxpayer or its legal administrators and we see no basis on which it can be said that the petition filed by the petitioner was the act of the taxpayer or its legal representatives. * * * It may be that the petitioner might have joined in the proceeding as an interested party, but the taxpayer, or its legal administrators, were the only parties against whom any deficiency was asserted and the only parties who could initiate the proceeding. The petition filed gave the Board no jurisdiction to redetermine the deficiency asserted against the taxpayer.

In *Weis & Lesh Manufacturing Co., Motor Wheel Corporation, Successor*, 13 B. T. A. 144, this Board was petitioned for a redetermination of deficiencies for the fiscal years 1918, 1919, and 1920,

which were asserted by the respondent against Weis & Lesh Manufacturing Co., as the taxpayer. The petition therein stated that the said Weis & Lesh Manufacturing Co., against whom the taxes were assessed, "was an Indiana corporation with its principal offices in the City of Muncie, Indiana. Under date of February 29, 1920, Motor Wheel Corporation, a corporation of Lansing, Michigan, acquired all of the assets and assumed all of the liabilities, including Federal income and profits taxes of said Weis & Lesh Manufacturing Company. The said Motor Wheel Corporation is now, and ever since February 29, 1920, has been liable for the payment of the additional taxes in question, if any." The respondent therein admitted the foregoing allegation, except that he denied that only the petitioner was liable for the taxes. The Board said therein, in holding that there was no valid appeal,

In our view there are no features which materially distinguish these proceedings from at least two others wherein we held that no valid appeals were pending before us, consequently they should be dismissed. See *Bisso Ferry Co.*, 8 B. T. A. 1104, and *Bond, Inc.*, 12 B. T. A. 339. * * *.

Specific provisions for the assessment and collection (including the right of appeal to this Board) of the liability at law or in equity of a transferee of property of a taxpayer in respect to the income and profits taxes imposed upon the taxpayer, are contained in section 280 of the Revenue Act of 1926 and section 602 of the Revenue Act of 1928. * * *

In *Engineers Oil Co.*, 14 B. T. A. 1148, the respondent mailed deficiency notices on October 30, 1925, December 2, 1925, and January 11, 1926, to the Engineers Oil Co. of California, asserting certain deficiencies in taxes for the years 1918, 1919, 1920, and 1921. Appeals were duly filed with this Board from the determination set forth in those deficiency notices. The petitions alleged, and the answer admitted, that the petitioner was a Delaware corporation; that it was organized about the year 1920, and that it acquired all of the assets of the Engineers Oil Co., a California corporation, in consideration of the issuance to the said California corporation of all its capital stock. The acquisition of the said assets was consummated in 1922 and the California corporation was then dissolved. The Board there said:

The situation thus presented is substantially the same as that in *Bond, Inc.*, 12 B. T. A. 339, wherein we held that where the Commissioner has asserted a deficiency against a taxpayer, this Board acquires no jurisdiction to redetermine the amount thereof upon petition filed by one other than the taxpayer, who has assumed the payment of or who is liable for the deficiency.

and, therefore, it dismissed the proceeding for want of jurisdiction.

In *Carnation Milk Products Co.*, 15 B. T. A. 556, the petitioner here, appearing there as transferee under the provisions of section 280 of the Revenue Act of 1926, invoked the statute of limitations as

a bar to recovery of the deficiency for 1919. In that proceeding the Board pointed out that the respondent had determined against the petitioner, "not a deficiency under section 274, but a liability under section 280 as a transferee in respect of a deficiency of a corporation of Maine." The Board there, after citing *Bisso Ferry Co.*, *supra*, *Bond, Inc.*, *supra*, and *Weis & Lesh Manufacturing Co.*, *supra*, and other cases, said:

If, therefore, this proceeding had not arisen out of section 280, this petitioner would have no standing before this Board to contest the determination of a deficiency of its predecessor.

What, then, is the situation here? The petitioner here is a corporation organized and incorporated under the laws of the State of Delaware in 1920. It is the successor to a corporation by its same name, organized and incorporated under the laws of Maine, which was dissolved on December 27, 1920. The deficiency in controversy is for the taxable year 1919 and grows out of income earned by the Maine corporation during that year which was prior to the inception of the petitioner. The deficiency notice, or notices, asserting the deficiency, states clearly that the respondent seeks to invoke the provisions of section 274 of the Revenue Act of 1926, that is, that he proceeds under that section against the "taxpayer." In all of the pleadings filed by the petitioner here it has shown clearly that it petitioned not as the "taxpayer," but as a "transferee" of the assets of the Maine corporation. Therefore, from the decided cases it appears clearly that the Board is without jurisdiction in these proceedings.

We are in accord with the contention of the respondent that while consent of the parties can not give jurisdiction to the Board, they may admit the existence of facts which show jurisdiction, but we disagree, for the reasons already stated, that the admitted facts show that the Board has jurisdiction.

With respect to the contention of the respondent that, while the two corporations may be considered separate legal entities, they are for all practical purposes the same, and that the petitioner is estopped from denying that it is the taxpayer, it must be remembered that the Board is a tribunal of limited jurisdiction, *Aldine Club*, 1 B. T. A. 710, and *Consolidated Cos.*, 15 B. T. A. 645, and that whatever jurisdiction it may have is definitely prescribed by the statute creating it and responsible for its continued existence. Therefore, the Board is powerless to apply rules of law, although applicable under other and different circumstances, which would tend to enlarge the jurisdiction of the Board or to substitute parties for those definitely prescribed by the statute.

Therefore, these proceedings will be dismissed for lack of jurisdiction.