**KENTUCKY JOINT STOCK LAND BANK**
et al. v. GLENN, Collector of
Internal Revenue.

No. 383.

District Court, W. D. Kentucky,
Louisville Division.

Sept. 4, 1942.

Robert E. Hatton and Kammerer & Hatton, all of Louisville, Ky., for plaintiffs.

Eli H. Brown, III, Dist. Atty., of Louisville, Ky., for defendant.

MILLER, District Judge.

The plaintiffs brought this action to recover from the Collector of Internal Revenue the sum of $3,609.70 with interest which was paid under protest following a deficiency assessment of an income tax for the calendar year of 1935. The defendant has moved to dismiss the complaint.

The plaintiff, Kentucky Joint Stock Land Bank, was incorporated on April 4, 1922, and engaged in the business of making farm loans. The income which it received as interest upon its approved first mortgages was nontaxable under the provisions of the Federal Farm Loan Act. 12 U.S.C.A. § 641 et seq. By reason of the development of an unfavorable economic situation in agriculture many of the approved first mortgages became in default and were foreclosed. The plaintiff purchased many of these properties in the foreclosure proceedings and in turn resold some of them to others thus acquiring in lieu of such assets certain intangible property such as notes receivable, purchase money mortgages and real estate sales contracts. In some instances it continued to hold title to the real estate so purchased. In other instances it did not purchase the property at the foreclosure sale, but received as assets in lieu thereof cash payments and commissioners' bonds for the deferred payments. These various assets resulting from such foreclosures are described generally herein as purchase money mortgages. The income

to the taxpayer from the purchase money mortgages was treated as taxable by the taxpayer and so reported to the Collector of Internal Revenue. The amount of the "approved first mortgages" and the "purchase money mortgages" fluctuated constantly during the year 1935, but based upon the average as of the first of each month "approved first mortgages" amounted to $3,779,433.69 and the purchase money mortgages amounted to $1,014,933.41, making a total of $4,794,367.10. On this basis the ratio of the assets the income from which was taxable to the total assets was 10149/47943 or 21.169%.

In making the loans on the approved first mortgages the taxpayer had utilized its capital and paid in surplus, and had borrowed money by the issuance of farm loan bonds in accordance with the regulations of the Farm Credit Administration. During the year 1935 the taxpayer paid interest in the amount of $60,055.98 on said farm loan bonds. It also paid interest on its outstanding notes to commercial banks and trust companies in the sum of $30,076.19, making a total interest payment during the year 1935 of $90,132.17. All of said interest was paid in order to carry the assets of the taxpayer, the income from which was totally exempt from income taxation in some cases and wholly taxable for income taxation in other cases. In filing its income tax return for the year 1935, the taxpayer treated the interest payment of $60,055.98 as an unallowable deduction, but claimed the interest in the amount of $30,076.19 paid on loans to commercial banks as a deductible item. This claimed deduction of $30,076.19 was disallowed in toto and the deficiency assessment followed.

The complaint also states that the plaintiff Kentucky Joint Stock Land Bank on April 10, 1940, assigned to its co-plaintiff Security Trust Company as trustee all of its assets which included the present claim for refund of income taxes, and on April 21, 1941, immediately preceding the complete liquidation and dissolution of the Kentucky Joint Stock Land Bank it made a specific assignment to the Security Trust Company of its present claim for refund for the sole purpose of enabling the Security Trust Company as trustee to collect said claim.

In support of its motion to dismiss the complaint the defendant relies upon Section 3477 of the Revised Statutes, which is carried as Section 203, Title 31 U.S.C.A.

This statute provides in substance that transfers and assignments of any claim upon the United States shall be null and void unless they are executed according to a certain manner specified therein. The formalities required were not complied with in this case. However, the broad wording of that statute has been materially narrowed by judicial construction, and it is now well settled that many transfers and assignments of claims against the United States are not covered by the statute. Chief examples of such are assignments arising by operation of law. Seaboard Air Line Ry. v. United States, 256 U.S. 655, 41 S.Ct. 611, 65 L.Ed. 1149; Price v. Forrest, 173 U.S. 410, 421, 19 S.Ct. 434, 43 L.Ed. 749; Western Pacific R. R. Co. v. United States, 268 U.S. 271, 275, 45 S.Ct. 503, 69 L.Ed. 951. In the present case the Kentucky Joint Stock Land Bank was being dissolved under the provisions of the Emergency Farm Mortgage Act of 1933, 12 U.S.C.A. §§ 1016–1019, and the assignment of its assets to the Security Trust Company as trustee was in accordance with a plan of liquidation submitted to and approved by the Farm Credit Administration, and the Federal Registrar. The reasons given by the Supreme Court in support of its rulings in the cases above referred to appear equally applicable in this case, and it is accordingly held that the Section 3477 of the Revised Statutes has no application to the present situation. See Monarch Mills v. Jones, Collector, D.C., 56 F.2d 180; Consolidated Paper Co. v. United States, Ct.Cl., 59 F.2d 281; Morgenthau et al. v. Fidelity & Deposit Co. of Maryland, 68 App.D.C. 163, 94 F.2d 632; Novo Trading Corp. v. Commissioner, 2 Cir., 113 F.2d 320.

 The defendant's motion to dismiss is also based upon the contention that the taxpayer has not brought itself within the provisions of Section 23(b) of the Revenue Act of 1934, 26 U.S.C.A. Int.Rev.Acts, page 672, under which it claims the deduction. This section of the statute provides that in computing net income for income tax purposes there shall be allowed as deductions

"(b) Interest. All interest paid or accrued within the taxable year on indebtedness, except on indebtedness incurred or continued to purchase or carry obligations * * * the interest upon which is wholly exempt from the taxes imposed by this title."

The motion to dismiss admits the allegation of the complaint that all of the interest in the amount of $90,132.17 paid during the year 1935 was paid in order to carry the assets of the taxpayer, and that the income from some of these assets was totally exempt and the income from the remaining assets was wholly taxable. Accordingly, some of the interest was paid on an indebtedness incurred to carry obligations, the interest upon which was not exempt from the income tax, and such an interest payment is a proper deduction. Certainly it was not the purpose of the statute to refuse to allow an interest payment as a proper deduction merely because the taxpayer also made a separate and distinct interest payment to carry obligations whose income was tax exempt. If the allocation of interest payments between the two classes of obligations is clearly shown there should be no question but that one part of such allocation would be a proper deduction and the other part would not be a proper deduction. The difficulty in the present case is in showing or determining what such allocation was. Although the taxpayer apparently used no bookkeeping system which would give this information in exact dollars and cents, yet it claims that 21.169% of the entire interest paid should be treated as paid to carry obligations the income from which was not exempt, in that 21.-169% of its total assets, which were being carried by the total interest paid, were obligations the interest upon which was not exempt. If the result so obtained is reasonably accurate, it would not be a departure from the evident intent of the statute to allow the deduction so arrived at. I do not believe that a taxpayer who has conducted its business in a reasonable and bona fide manner should be required to forfeit a deduction recognized by the law, merely because its method of keeping books does not reflect to the exact dollar and cent what that deduction would be. If the Court finds that the claimed deduction is reasonably supported by the facts, is made in unquestioned good faith and is arrived at by the most accurate method available, the purpose and intent of the statute should be followed by allowing such an exemption. In the present case it may be that the method suggested by the taxpayer does not comply with the standards above suggested, but I believe for the purposes of the present ruling the motion to dismiss the action should be overruled, and that both parties

be given an opportunity to present their respective contentions about the accuracy and reasonableness of the method by which the amount claimed as a deduction was reached.

The defendant's motion to dismiss the complaint is overruled with leave to file answer.