BOND CROWN & CORK COMPANY, SUCCESSOR IN REORGANIZATION TO CORK-TEX PRODUCTS CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 40268.     Promulgated October 27, 1952.

*Percy W. Phillips, Esq.*, for the petitioner.
*James Powers, Esq.*, for the respondent.

### OPINION.

KERN, *Judge:* This proceeding came on for hearing on July 16, 1952, on a "Motion To Dismiss" for lack of jurisdiction, filed by respondent on June 16, 1952. The proceeding involves denial by respondent of special relief under section 722, Internal Revenue Code, for the years 1941, 1942, 1943, 1944, and 1945. Respondent's position is that petitioner is not "the taxpayer" within the meaning of section 732, I. R. C. The motion was taken under advisement and briefs were filed by the parties herein. All of the pertinent facts appear in the pleadings or are admitted by respondent for the purposes of this motion.

Cork-Tex Products Company (hereinafter referred to as "Cork-Tex") was incorporated under the laws of Delaware on August 23, 1939. It was a wholly owned subsidiary of Bond Crown & Cork Company from the date of its incorporation until 1946 when Cork-Tex was voluntarily dissolved and petitioner acquired all of the assets of Cork-Tex pursuant to a "Plan of Complete Liquidation" adopted by the board of directors of Cork-Tex at a special meeting held on December 27, 1946. All of the assets of Cork-Tex were to be distributed to petitioner in complete cancelation or redemption of all of the issued and outstanding stock of Cork-Tex. The Secretary of State of Delaware, under date of December 30, 1946, issued a "Certificate of Dissolution" for Cork-Tex which was duly recorded.

Sections 42 and 43 of the General Corporation Laws of Delaware provide as follows:

SEC. 42. CONTINUATION OF CORPORATION AFTER DISSOLUTION FOR PURPOSES OF SUIT, ETC. :—All corporations, whether they expire by their own limitation or are otherwise dissolved, shall nevertheless be continued for the term of three

years from such expiration or dissolution bodies corporate for the purpose of prosecuting and defending suits by or against them, and of enabling them gradually to settle and close their business, to dispose of and convey their property, and to divide their capital stock but not for the purpose of continuing the business for which said corporation shall have been established; provided, however, that with respect to any action, suit, or proceeding begun or commenced by or against the corporation prior to such expiration or dissolution and with respect to any action, suit or proceeding begun or commenced by or against the corporation within three years after the date of such expiration or dissolution, such corporation shall only for the purpose of such actions, suits or proceedings so begun or commenced be continued bodies corporate beyond said three-year period and until any judgments, orders, or decrees therein shall be fully executed.

SEC. 43. DISSOLVED CORPORATIONS; RECEIVERS FOR; HOW APPOINTED; POWERS:— When any corporation organized under this Chapter shall be dissolved in any manner whatever, the Court of Chancery, on application of any creditor or stockholder of such corporation, at any time, may either appoint the directors thereof trustees, or appoint one or more persons to be receivers, of and for such corporation, to take charge of the estate and effects thereof, and to collect the debts and property due and belonging to the company, with power to prosecute and defend, in the name of the corporation, or otherwise, all such suits as may be necessary or proper for the purposes aforesaid, and to appoint an agent or agents under them, and to do all other acts which might be done by such corporation, if in being, that may be necessary for the final settlement of the unfinished business of the corporation; and the powers of such trustees or receivers may be continued as long as the Chancellor shall think necessary for the purposes aforesaid.

Application for relief under section 722 for the year 1941 was executed September 2, 1943, by G. P. Edmonds, President, and William R. Marvel, Treasurer, and was filed on September 13, 1943, by Cork-Tex with respondent. An application for relief under section 722 for the year 1942 was also filed by Cork-Tex on September 13, 1943. On July 26, 1946, applications for relief under section 722 were filed by Cork-Tex for the years 1943, 1944, and 1945. On January 24, 1952, respondent mailed to Cork-Tex a notice of disallowance of all such applications, which notice was received by petitioner.

Pursuant to the plan of dissolution and prior to December 20, 1949, all of the assets of Cork-Tex, including all right, title and interest of Cork-Tex in and to its applications for relief and refunds under section 722 were transferred, set over, assigned or delivered to petitioner, its sole stockholder.

On April 22, 1952, a petition was filed with the Court entitled "Bond Crown & Cork Company, Successor in reorganization to Cork-Tex Products Co." seeking a review of the disallowance of the above claims for relief under section 722. This petition was signed "Percy W. Phillips." The verification reads in part as follows:

* * * G. J. Barry, being duly sworn, says that he is Assistant Treasurer of Bond Crown & Cork Company, and that he is duly authorized to verify the foregoing petition; * * *

(s) G. J. Barry
Assistant Treasurer

The argument of the respondent is based primarily on the similarity of section 732 (a) of the Internal Revenue Code to section 272 (a) (1). The pertinent part of the latter section reads as follows:

SEC. 272. PROCEDURE IN GENERAL.

(a) (1) PETITION TO BOARD OF TAX APPEALS.—If in the case of any taxpayer, the Commissioner determines that there is a deficiency in respect of the tax imposed by this chapter, the Commissioner is authorized to send notice of such deficiency to the taxpayer by registered mail. Within ninety days after such notice is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the ninetieth day), the taxpayer may file a petition with the Board of Tax Appeals for a redetermination of the deficiency.

The pertinent part of section 732 (a) reads as follows:

SEC. 732. (a) PETITION TO THE BOARD.—If a claim for refund of tax under this subchapter for any taxable year is disallowed in whole or in part by the Commissioner, and the disallowance relates to the application of section 711 (b) (1) (H), (I), (J), or (K), section 721, or section 722 relating to abnormalities, the Commissioner shall send notice of such disallowance to the taxpayer by registered mail. Within ninety days after such notice is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the ninetieth day) the taxpayer may file a petition with the Board of Tax Appeals for a redetermination of the tax under this subchapter. If such petition is so filed, such notice of disallowance shall be deemed to be a notice of deficiency for all purposes relating to the assessment and collection of taxes or the refund or credit of overpayments.

Both sections require the mailing of a notice to "the taxpayer" and provide that "the taxpayer" may file a petition with this tribunal.

Provisions similar to section 272 (a) (1) have been in effect since 1926. See section 274 (a), Revenue Act of 1926. Many cases have been decided construing these provisions with particular reference to the problem of the identity of "the taxpayer" who may file a petition. See, for example, *Bond, Inc.*, 12 B. T. A. 339; *Engineers Oil Co.*, 14 B. T. A. 1148; *Gideon-Anderson Co.*, 18 B. T. A. 329; *Carnation Milk Products Co.*, 20 B. T. A. 627; *Bowman Hotel Corporation*, 24 B. T. A. 1193; *Trahern Pump Co.*, 27 B. T. A. 363; *Alaska Salmon Co.*, 39 B. T. A. 455. These cases hold to the effect that a petition may be filed with this tribunal only by the corporate taxpayer to which the notice of deficiency is sent by the Commissioner, or by a person representing and standing in the place of the taxpayer under state law, or by a "consolidated corporate successor to the taxpayer organized under state statutes which made the consolidated corporation primarily liable for the debts of its constituent corporations" (*Alaska Salmon Co., supra*, 456).

If this proceeding had been brought by Bond Crown & Cork Company as an appeal from a notice of deficiency mailed to Cork-Tex Products Co., there would appear to be little question, on the facts shown by the record herein, that this tribunal, being of limited statu-

tory jurisdiction, would be without jurisdiction over the parties, and the petition would necessarily be dismissed.

However, this petition is filed pursuant to a much later statute (section 732 (a) which was enacted in 1940) which provides for the filing of petitions in the case of the disallowance of certain claims for refund of tax; and the question arises for the first time whether this section shall be construed in the same way as that in which we have construed section 272 (a) (1).

In arguing that the two sections should be similarly construed, respondent points to the striking similarity in the language of the two sections, and contends that Congress, by enacting section 732 (a) in a form constituting practically a verbatim copy of its counterpart in section 272 (a) (1) long after the judicial construction of the latter section as above indicated, clearly demonstrated the legislative intention that the same rules of jurisdiction over parties should be applied to petitions filed under both sections, even though the later section did enlarge the jurisdiction of this Court over the subject matter of litigation which it might properly consider, i. e., claims for refund.

Petitioner, on the other hand, stresses the substantial differences between determinations of deficiencies and denials of applications for refund, and insists that these differences require an interpretation of section 732 (a) differing from that of section 272 (a) (1). Petitioner contends that by giving to this Court for the first time jurisdiction over refunds, a subject matter which was theretofore under the jurisdiction of District Courts and the Court of Claims, Congress must have intended that this Court should have the same jurisdiction as those courts have; and points out that in those courts the petitioner here would be the proper party to bring an action for refund, citing *Roomberg* v. *United States*, 40 F. Supp. 621; *Interwoven Stocking Co.* v. *United States*, 52 F. Supp. 966, aff'd. 144 F. 2d 768; and *Kentucky Joint Stock Land Bank* v. *Glenn, Collector*, 46 F. Supp. 400. It also argues that the petitioner is the only real party in interest and is the only party entitled to maintain this action; and that if it is not permitted to prosecute this petition, there is no judicial remedy since this Court has been given exclusive jurisdiction over this type of refund case, and the remedy available to transferees as transferees in the case of a deficiency is obviously not available to transferees in refund cases.

The arguments advanced by petitioner would be most persuasive if addressed to Congress with regard to the legislative policy to be adopted concerning the jurisdiction to be given this Court in refund cases where a subsidiary claimant corporation has been dissolved after the filing of the claim for refund and has made a distribution of all

its assets to its parent corporation, and after such dissolution and distribution the claim for refund has been denied.

However, our problem is not one of legislative policy but of statutory construction. We are unable to avoid the conclusion urged by the respondent which is that Congress, by using in section 732 (a) practically the same language as that used in section 272 (a) (1) after that language had been construed by many opinions of this tribunal clearly demonstrated its intention that the same rules of jurisdiction over parties should be applied to petitions filed under either section.[1]

Since it is not shown that Bond Crown & Cork Co. is the corporate taxpayer to which the notice of disallowance was mailed, is a person representing or standing in the place of such taxpayer under state law, or is a consolidated corporate successor to such taxpayer, it is not entitled to bring this proceeding either in its own name or on behalf of Cork-Tex Products Company. Therefore, petitioner's motion to amend the title of this proceeding to read "Cork-Tex Products Company by Bond Crown & Cork Company, Successor in Reorganization, Petitioner v. Commissioner of Internal Revenue, Respondent" will be denied, and an order will be entered herein dismissing this proceeding for lack of jurisdiction.

Reviewed by the Court.

JOHNSON, J., dissents.

---

RAUM, J., dissenting: Although the language used in section 732 (a) is similar to the language employed in section 272 (a) (1), the issue is quite different. Section 272 (a) (1) deals with deficiencies and it is important that the party appearing before this Court to contest a proposed deficiency be the party against whom the assessment can be made if the deficiency is sustained. Here we are dealing with refunds, and, I take it, there is no dispute that this petitioner would be entitled to the refund if successful. Moreover, a taxpayer's remedy under section 272 is merely an alternative to his long-standing remedy of paying the tax and suing for refund in a District Court

---

[1] The effect of this conclusion, which appears to be harsh in the instant case, might have been obviated if there had been an exception of the claims for relief and refunds from the assets of Cork-Tex transferred and assigned by it to petitioner, and the later appointment of trustees or receivers for Cork-Tex under section 43 of the General Corporation Laws of Delaware, quoted above, who could have filed, upon disallowance of the claims, a petition in this Court on behalf of Cork-Tex within the rule of the cases which we have already discussed. The procedure made available by this section of the Delaware laws would appear to be, in the usual case, preferable as a practical matter to that pursued by petitioner here, aside from the jurisdictional impediments to it. In the case of the dissolution of a corporation which has more than one stockholder, it would obviate any question as to which stockholder had received the claim as a distribution in liquidation, or, if transferred to more than one stockholder, the rights of less than all of the transferees to file petitions; and it would further obviate any possibility of more than one petition being filed in this Court involving the disallowance of such a claim.

or the Court of Claims, whereas the taxpayer's only remedy in a situation of the type now before us is a proceeding in this Court. I cannot believe that Congress has legislated in such manner as to prevent the maintenance of this suit. The fact that it used the same general language in section 732 as it did in section 272 indicates only that it was establishing the same general framework of appeals to this Court from determinations of the Commissioner. The problem here presented is entirely different and I find no evidence that Congress intended to produce such a bizarre result as is thought to be required in the majority opinion. That the same words may be used by Congress in a different sense, depending upon their context, is familiar law, cf. *Helvering* v. *Stockholms Enskilda Bank*, 293 U. S. 84, 87–88, and, to me, the setting presented by section 732, though superficially similar to section 272, calls for an entirely different interpretation of the statutory language.

HARRON, OPPER, and WITHEY, *JJ.*, agree with this dissent.