JERRY ANDERSON, INC., FORMERLY FARIES MANUFACTURING COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 30129. Filed February 27, 1958.

*Lee I. Park, Esq.*, and *K. Martin Worthy, Esq.*, for the petitioner.
*Julian L. Berman, Esq.*, for the respondent.

### OPINION.

MURDOCK, *Judge:* This is a section 722 case. A jurisdictional question has been suggested by the parties. Apparently their only concern in this connection is a possible holding of this Court that Jerry Anderson, Inc., had no authority to file a petition on August 23, 1950. The corporation which was actually in existence during the base period years, which actually earned the income during the taxable years, which filed the applications for relief, and which filed the petition at

Docket No. 30129, was named Faries Manufacturing Company until June 1948 when its name was changed to Jerry Anderson, Inc. It was dissolved on December 7, 1949. The statutory notice on which that proceeding is based was mailed to "Faries Manufacturing Co." and the petition was filed on August 23, 1950, in the name of Jerry Anderson, Inc. The petition was verified by a former officer of Jerry Anderson, Inc., and he certified that he was duly authorized to verify the petition.

The petitioner made no real objection to the findings of fact made by the hearing commissioner and served upon the parties. The Commissioner made some objections to those findings. Those findings, with four small changes made by court order to correct minor errors, are adopted by the Court as the findings of fact.

The Commissioner duly notified the petitioner that its application for relief for the fiscal year ended June 30, 1942, "has been allowed in part" and "that you have not established your right to relief requested in your applications" for relief for the years ended June 30, 1943, 1944, and 1945. He stated, in granting partial relief for 1942, that "your constructive average base period net income has been determined to be $180,600." The parties agree that the petitioner's average base period net income is an inadequate standard of normal earnings, its excess profits tax is excessive and discriminatory, and it is entitled to relief under section 722, I. R. C. 1939, because its normal production, output, and operation during some of its base period years were interrupted and diminished by labor difficulties, including a strike, which were unusual and peculiar in the experience of the taxpayer. See sec. 722 (b) (1). It is only necessary on the merits to determine a fair and just amount representing normal earnings to be used as constructive average base period net income for the purpose of section 722.

A corporation was organized on March 27, 1945, under the name of Laystrom, Inc., and, at some time not shown by this record, its name was changed to Faries Manufacturing Company. It also filed a petition with this Court based upon the same statutory notice of May 25, 1950, upon which Jerry Anderson, Inc., bases its petition. The parties filed a motion stating that if the Court agreed with the parties that Jerry Anderson, Inc., is the proper petitioner, then the companion case (Docket No. 30130) would be dismissed at the time the decision entered in Docket No. 30129 becomes final, otherwise, they would introduce evidence with respect to the succession in interest of Faries Manufacturing Company to the assets of Jerry Anderson, Inc.

The applicable statutes of Illinois provided that the dissolution of a corporation could not take away or impair any remedy available to it, its directors, or its shareholders, for any right or claim existing prior to such dissolution if action or other proceeding thereon was

commenced within 2 years after the date of such dissolution, in which case the proceeding could be prosecuted by the corporation in its corporate name. Ill. Ann. Stat. ch. 32, sec. 157.94 (Smith-Hurd 1954). The petition filed in the name of Jerry Anderson, Inc., was properly filed. Cf. *Bond Crown & Cork Co.*, 19 T. C. 73. The proceeding in Docket No. 30130 in the name of Faries Manufacturing Company will be dismissed in accordance with the motion of the parties when the decision in the present case becomes final.

The average base period net income was $165,696.77. The petitioner, in its applications for relief, claimed constructive average base period net income of $283,589.22 and in its briefs showed proposed constructions of $352,123 and $254,744.50, as a result of which it claims the constructive average base period net income should not be less than the $283,589.22 claimed in the applications. The Commissioner also presented two reconstructions, one of $180,600 and one of $171,156, as a result of which he claims his original figure was adequate.

The petitioner had but one plant during the base period years. It shut down that plant on August 28, 1937, partly to improve its operation but partly because of the labor situation. It remained closed for 3 or 4 weeks. A union tried to organize the employees. The employees struck on October 16, 1937. The strike was settled on December 3, 1937. Nothing was shipped out of the plant during the 48 days of the strike. The employees formed a local union at some time not disclosed by the record, but prior to September 1938. The labor troubles continued to some extent after the settlement of the strike and the effects of the labor trouble lasted throughout the base period. The adverse effects of this series of events upon the business of the petitioner during that portion of the base period from August 28, 1937, to the close of the base period were substantial, to say the least. Its net sales, which had averaged better than $1,000,000 for the fiscal years 1936 and 1937, dropped to an average of less than $790,000 for the fiscal years 1938 and 1939 and did not fully recover during 1940. Net income, which had been $219,243.94 for the fiscal year 1936 and $332,831.28 for the following year, dropped to $77,674.72 for 1938 and then increased to only $117,687.48 for 1939 and $133,702.07 for 1940. The extent of the loss of business is shown in the findings of fact and need not be reviewed here. The Court recognizes its inability to make any very accurate estimate of what the earnings for the remainder of the base period would have been if the strike had not occurred, but doing the best it can with the entire record to arrive at a fair and just amount for constructive average base period net income, it hereby makes a finding that a fair and just amount to represent constructive average base period net income is $230,000.

Reviewed by the Special Division.

*Decision will be entered under Rule 50.*