GREAT FALLS BONDING AGENCY, INC., PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 2143-74.    Filed December 9, 1974.

*Herbert B. Olfson* and *Jerome J. Roberts,* for the petitioner.
*Alan M. Jacobson* and *D. Ronald Morello,* for the respondent.

DAWSON, *Judge:* This motion to dismiss was assigned to and heard by Commissioner Randolph F. Caldwell, Jr. The Court agrees with and adopts his opinion which is set forth below.

OPINION OF THE COMMISSIONER

This case is presently before the Court on respondent's motion to dismiss for lack of jurisdiction filed on May 16, 1974, pursuant

to Rules 53 and 60(c), Tax Court Rules of Practice and Procedure.

Petitioner was legally dissolved under the laws of the State of Illinois, the State of its incorporation, on December 22, 1969.

On December 28, 1973, respondent mailed a notice of deficiency to petitioner, care of Mitchell Caplan, 2261 South Bridge Lane, Northbrook, Ill. 60062. This notice determined deficiencies in petitioner's Federal income tax and additions thereto as follows:

| Year | Deficiency | Additions to tax sec. 6651(a) |
|------|------------|-------------------------------|
| 1967 | $6,049.24 | $1,512.31 |
| 1969 | 806.69 | 201.67 |

On March 27, 1974, a petition was filed with this Court in the name of petitioner. This petition was executed by Herbert B. Olfson and Jerome J. Roberts as counsel for the petitioner.

On May 16, 1974, respondent filed a motion to dismiss for lack of jurisdiction on the ground that petitioner lacked capacity to litigate in this Court. He argued that under chapter 32, section 157.94, of the Illinois Revised Statutes and Rule 60(c), Tax Court Rules of Practice and Procedure, petitioner had no capacity to institute a proceeding in this Court.

We agree with respondent. Our Rule 60(c) provides that the capacity of a corporation to litigate in this Court is determined by the law of the State in which it was organized. Because petitioner was organized in Illinois, we must look to Illinois law to determine if petitioner can maintain a suit in this Court.[1]

Chapter 32 of the Illinois Revised Statutes, section 157.94, states:

The *dissolution of a corporation* either (1) by the issuance of a certificate of dissolution by the Secretary of State, or (2) by the decree of a court of equity when the court has not liquidated the assets and business of the corporation, or (3) by expiration of its period of duration, *shall not take away or impair any remedy available to or against such corporation,* its directors, or shareholders, for any right or claim existing, or any liability incurred, prior to such dissolution *if action or other proceeding thereon is commenced within two years after the date of such dissolution.* Any such action or proceeding by or against the corporation may be prosecuted or defended by the corporation in its

---

[1] Our rule is in accord with Federal law, see *Title Co. v. Wilcox Bldg. Corp.,* 302 U.S. 120, 124, 125, 126 (1937); *Oklahoma Gas Co. v. Oklahoma,* 273 U.S. 257, 259-260 (1927); and cases interpreting rule 17(b), Fed. R. Civ. P., from which it was derived. Note to Rule 60(c), 60 T.C. 1094 (1973). See *Mather Construction Co. v. U.S.,* 475 F.2d 1152, 1154-1155 (Ct. Cl. 1973).

corporate name.[2] [Emphasis added.]

It is clear under Illinois law that petitioner's existence as extended by statute terminated on December 22, 1971, i.e., 2 years after its dissolution. As of that date it ceased to exist and lacked capacity to institute any legal proceeding. *Gordon v. Loew's, Inc.,* 147 F.Supp. 398, 403-407 (D.C. N.J. 1956), affd. 247 F.2d 451 (C.A. 3, 1957). See *Charles A. Zahn Co. v. United States,* 6 F.Supp. 317, 319 (Ct. Cl. 1934), and *A. J. Bates Co. v. United States,* 3 F.Supp. 245, 248 (Ct. Cl. 1933).[3] See also *S. Hirsch Distilling Co.,* 14 B.T.A. 1073, 1078-1079 (1929), whose language is pertinent here even though no corporate survival statute was involved there, and *Wheeler's Peachtree Pharmacy, Inc.,* 35 T.C. 177, 181 (1960), and the cases cited therein.

Thus a petition filed in petitioner's name on March 27, 1974, more than 4 years after its dissolution, cannot be entertained. *First Bond & Mortgage Co.,* 21 B.T.A. 1, 2-3 (1930). Cf. *Associates Investment Co.,* 59 T.C. 441, 446 (1972). Compare *Jerry Anderson, Inc.,* 29 T.C. 972, 973-974 (1958), involving the Illinois statute at issue here, where the petition was filed within 2 years of dissolution.

At first blush, it does seem anomalous that respondent would issue a statutory notice of deficiency to a taxpayer and then turn around and say that there is no taxpayer who can petition this Court for a redetermination of the determined deficiency—as he has done here. Yet, section 6212(b)(1) is explicit in its language which permits respondent, in the absence of a notice of fiduciary relationship, to send a notice of deficiency to a corporation which has terminated its existence—as has the petitioner.

Whether such a corporation has the capacity to then petition this Court is another question. Our Rule 60(c) says that the answer to that question is to be determined by the law under which it was organized. Here, that means Illinois law, and, as is shown above, that law, statutory and decisional, is clear that the petitioner does not have capacity to maintain this case. While Rule 60(c) for the first time articulates the principle therein set forth, the practice in this Court has followed that principle from the beginning. As early as 1926, in the case of *George Wiedemann*

---

[2] This section is based on sec. 105 of the Model Business Corporation Act.

[3] These cases dealt with the predecessor of the Illinois statute involved in the instant case also requiring commencement of suit within 2 years of dissolution. But we see no relevant differences between the two.

*Brewing Co.,* 4 B.T.A. 664, the Board of Tax Appeals looked to the there-governing Kentucky statutes to determine whether the dissolved taxpayer-corporation had capacity to maintain its appeal to the Board.

In conclusion, it should be pointed out that the merits of petitioner's liability, if any, for the 1967 and 1969 taxes determined in the notice of deficiency may still be litigated in this Court. Notices of transferee liability under section 6901 have been sent to two of its former shareholders, Irwin S. Weiner and Mitchell Caplan, and they have petitioned this Court in docket Nos. 2141-74 and 2142-74. Dismissal of the instant case for lack of jurisdiction will not be the occasion for entry of a decision that petitioner is liable for the determined deficiencies. Sec. 7459(d). The transferees will thus be free to litigate their transferor's liability when their own cases are reached for trial.

The respondent's motion will be granted, and

*An appropriate order will be entered.*